Alvin Harvey **BAKER**, Plaintiff,

v.

**ACE ADVERTISERS' SERVICE, INC.,** Leon Gross, President, and Harry Basch, Vice President, Defendants.

**No. 87 Civ. 2697 (KMW).**

United States District Court, S.D. New York.

July 29, 1992.

Alvin Harvey Baker, pro se.

Richard K. Muser with Clifton, Budd & De Maria, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KIMBA M. WOOD, District Judge.

Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, alleging that he was terminated from his employment because of racial discrimination. On December 10, 1991, Magistrate Judge Grubin issued an oral Report and Recommendation ("R & R") in which she recommended that the Court dismiss Plaintiff's complaint under Fed.R.Civ.P. 37(b)(2)(C). Plaintiff objected to the R & R. Having considered Plaintiff's objections and having conducted a de novo review of the Magistrate Judge's R & R, the Court adopts the R & R and dismisses Plaintiff's complaint with prejudice.

## BACKGROUND

The Court assumes familiarity with the background of this case as set forth in detail in Magistrate Judge Grubin's January 31, 1991 Opinion and Order.

## DISCUSSION

■ Rule 37(b)(2) of the Federal Rules of Civil Procedure enables a court, in a pending action, to impose sanctions on a party who fails to comply with the court's discovery order. Courts may impose whatever sanctions are "just." Fed.R.Civ.P. 37(b)(2). Sanctions issued under Fed.R.Civ.P. 37 are designed to serve the following three purposes: (1) obtaining compliance with a specific discovery order; (2) ensuring that parties do not benefit from their own failure to comply with the court's order; (3) providing a general deterrent both for the case at hand and for other parties in other cases. *See Update Art, Inc. v. Modiin Pub., Ltd.,* 843 F.2d 67, 71 (2d Cir.1988). The Second Circuit has stated: "... we wish to emphasize the importance we place on a party's compliance with discovery orders.... A party who flouts such orders does so at his peril." *Id.,* at 73.

■ Although Fed.R.Civ.P. 37(b)(2) enumerates several less severe sanctions, it also permits a court to issue "[a]n order ... dismissing the action or proceeding or any part thereof...." Fed.R.Civ.P. 37(b)(2)(C). It is well established that dismissal of an action or proceeding is "the most severe in the spectrum of sanctions provided by statute or rule...." *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam), *reh. denied United States v. Janis,* 429 U.S. 874, 97 S.Ct. 196, 50 L.Ed.2d 158 (1976). The drastic penalty of dismissal is available only when alternative, more moderate sanctions are insufficient, *see, e.g., John B. Hull, Inc. v. Waterbury Petroleum Products, Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988), or when a party fails to comply with the court's discovery orders "willfully, in bad faith, or through fault." *Id.* (citations omitted). The Supreme Court has stated that even though dismissal is an extreme sanction that must be used sparingly, it "must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League,* 427 U.S. at 643, 96 S.Ct. at 2781. The Second Circuit has also indicated that although "dismissal of the action [is a] harsh remed[y] and should be imposed only in rare situations, [it is] necessary to achieve the purpose of Rule 37 as a credible deterrent 'rather than a "paper tiger."'" *Update,* 843 F.2d at 71 (citations omitted).

■ The Second Circuit has cautioned district courts to exercise particular restraint when considering the imposition of sanctions on pro se litigants. Although "pro se plaintiffs do in fact often 'frustrate the processes of litigation,' ... dismissal is justified only when they do so deliberately, not when they do so 'through misunderstanding.'" *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir.1986). On the other hand, "all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *Id.; see also Minotti v. Lensink,* 895 F.2d 100, 103 (2d Cir.1990). Therefore, although pro se litigants are afforded "special solicitude" in the Second Circuit, that solicitude "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff is calling to vindicate his rights." *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988). The Second Circuit Court of Appeals has affirmed dismissals of actions brought by pro se plaintiffs as a sanction for their violations of discovery orders when they have been given prior warning that any further violations will likely result in sanctions. *See, e.g., Minotti,* 895 F.2d at 103; *McDonald,* 850 F.2d at 124; *Dukes v. New York City Police Comr. Ward,* 129 F.R.D. 478, 482 (S.D.N.Y.1990).

■ Here, Plaintiff directly disobeyed Magistrate Judge Grubin's discovery orders on at least three occasions. *See Baker v. Ace Advertisers' Service, Inc.,* 134 F.R.D. 65, 72 (S.D.N.Y.1991). Furthermore, Plaintiff refuses to abide by the Court's November 22, 1991 Order which required Plaintiff "to pay Defendant's expenses" or, "if Plaintiff [could not] afford to pay the expenses set forth in Defendant's affidavit, Plaintiff [was required to] apply to Magistrate Judge Grubin ... for

a reduction in expenses or for permission not to pay the expenses." (11/22/91 Order at 1). The Court also ordered Plaintiff to "abide by Magistrate Judge Grubin's Order of March 19, 1991, that he appear for a deposition conducted by Defendant." (11/22/91 Order at 2). In an order issued on December 3, 1991, Magistrate Judge Grubin stayed the Court's November 22, 1991 order pending her December 10, 1991 conference with the parties. (12/3/91 Order). Thereafter, at the December 10, 1991 conference, Plaintiff stated that he intended to continue both to refuse to pay any of the Court-imposed sanctions and to refuse to appear at any future deposition. (Transcript of December 10, 1991 Proceeding before Magistrate Judge Grubin [hereinafter "Tr."] at 8–9, 14–15). The Court finds that Plaintiff's continued refusal to abide by the Court's and Magistrate Judge Grubin's discovery orders was willful and in bad faith.

Moreover, Plaintiff has been warned at least twice that further obstruction of the discovery process would result in dismissal. In her January 31, 1991 Opinion and Order, Magistrate Judge Grubin warned Plaintiff in no uncertain terms that if he continued to violate the Court's discovery orders, his case would be dismissed:

> Finally, plaintiff is admonished that no further evasions of his obligations will be tolerated. Plaintiff has come very close to requiring the dismissal of this action. Any further abuse of the discovery process, or any disobedience of the deadlines set herein or other orders of this court concerning the manner in which discovery will be conducted, will assuredly result in such a dismissal.

*Baker*, 134 F.R.D. at 74. Moreover, at the December 10, 1991 conference, Magistrate Judge Grubin asked Plaintiff whether he in-

tended to appear at his deposition and she warned him as follows: "if you do not answer me or if your answer is no, your case is going to be dismissed." (Tr. at 8). Magistrate Judge Grubin later reiterated to Plaintiff that if he would not appear for his deposition, his "case w[ould] have to be dismissed." (Tr. at 9). Plaintiff responded, "You do what you got to do. You got to do what you got to do. I will not appear or pay that money." (Tr. at 9). Plaintiff then repeated several times that, in spite of the Magistrate Judge's warnings of dismissal, he would not obey either of the Court's discovery orders. (Tr. at 9–10). Therefore, Plaintiff continued to violate the Court's discovery orders after he was "clearly warned" of the consequences that would follow if he disobeyed the court's order. *See McDonald*, 850 F.2d at 124.

On December 30, 1991, Plaintiff filed an affidavit containing his numerous and varied objections to Magistrate Judge Grubin's December 10, 1991 oral R & R.[1] First, Plaintiff suggests that Magistrate Judge Grubin's December 12, 1991 order, which reaffirmed her December 10, 1991 oral R & R, was unconstitutional; however, he does not specify which constitutional rights the order violates. (Plaintiff's Affidavit Objections to an Illegal, Unlawful and Unconstitutional Proceeding Held on December 10, 1991 Before Magistrate Judge Sharon E. Grubin [hereinafter "Pl.'s Objs."] at 6, ¶ 27). Plaintiff also suggests that it was "unwarranted" for the Court to rule on Magistrate Judge Grubin's January 31, 1991 Opinion and Order. (Pl.'s Objs. at 2, ¶ 7). In view of Plaintiff's pro se status, the Court will describe below the provisions of Rule 72 of the Federal Rules of Civil Procedure.

■ When a district court refers to a Magistrate Judge "a pretrial matter not dispositive of a claim or defense of a party," the

---

1. The Court is not required to consider Plaintiff's Supplemental Affidavit in Further Support of Plaintiff's Objections to an Illegal, Unlawful and Unconstitutional Proceeding Held on December 10, 1991 Before Magistrate Judge Sharon E. Grubin, filed on January 31, 1992, Plaintiff's Supplemental Notice of Claim of Unconstitutionality, filed on February 1, 1992, or Plaintiff's subsequent letters to the Court. Under Rule 72(b) of the Federal Rules of Civil Procedure, parties are afforded only ten days after being served with a copy of the Magistrate Judge's R & R to "serve and file specific, written objections to the proposed findings and recommendations." Fed.R.Civ.P. 72(b). However, in light of Plaintiff's pro se status, the Court has reviewed Plaintiff's subsequent submissions. The Court has concluded that they raise no issues that have not previously been raised before this Court. Therefore, rather than address these issues separately, the Court incorporates them in its discussion of Plaintiff's objections of December 30, 1991.

Magistrate Judge must conduct the appropriate proceedings and "when appropriate[,] enter into the record a written order setting forth the disposition of the matter." Fed. R.Civ.P. 72(a). The district court must consider any objections filed by the parties within ten days after entry of the order and must "modify or set aside any portion of the magistrate's order found to be *clearly erroneous or contrary to law.*" Fed.R.Civ.P. 72(a) (emphasis added). Thus, under the Federal Rules of Civil Procedure, Magistrate Judges are afforded considerable discretion when issuing orders on nondispositive matters and district courts are limited in their ability to set aside such orders. Magistrate Judge Grubin's January 31, 1991 Opinion and Order concerning Defendant's motion for discovery sanctions was an order concerning a nondispositive pretrial motion. The Court was required to review the Magistrate Judge's Opinion and Order because Plaintiff submitted objections to it. The Court affirmed the Magistrate Judge's order in light of its finding that the order was not "clearly erroneous or contrary to law." (11/22/91 Order at 1).

In contrast, when a district court assigns a case to a Magistrate Judge to hear a pretrial matter *dispositive* of a claim, the Magistrate Judge cannot enter an order but rather must enter a report recommending a particular disposition. Fed.R.Civ.P. 72(b). The district court must in turn "make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate's disposition to which specific written objection has been made in accordance with this rule." Fed.R.Civ.P. 72(b). Thus, Plaintiff is correct that, in recommending dismissal of Plaintiff's complaint, Magistrate Judge Grubin was required to issue not an order but rather an R & R. The Magistrate Judge did issue an R & R orally on December 10, 1991. Her December 12, 1991 written order simply "reaffirms" in writing her earlier recommendation to the Court. Therefore the December 12, 1991 order is not improper under Fed.R.Civ.P. 72(b).

Second, Plaintiff argues that Magistrate Judge Grubin's December 12, 1991 Order reaffirming her December 10, 1991 oral R & R "lack [sic] sufficient case law for dismissal." (Pl.'s Objs. at 6, ¶ 27). Plaintiff is correct when he notes that the oral R & R recommending dismissal does not include any case law supporting the Magistrate Judge's recommendation. However, Magistrate Judge Grubin's December 12, 1991 Order reaffirming the R & R does refer back to Magistrate Judge Grubin's Opinion and Order of January 31, 1991, which includes a detailed discussion of the case law permitting dismissal of the complaints of pro se plaintiffs in light of their refusal to abide by discovery orders. (December 12, 1991 Order). Furthermore, as stated above, the Court, after conducting a de novo review of the R & R, finds that it correctly applies the law to the facts, and adopts it as an order of the Court.

Third, Plaintiff "requests that Judge Wood and Magistrate Grubin voluntarily disqualify themselves from this case" in light of their "illegal, unlawful, unconstitutional and racist action in this case," which Plaintiff deems a clear violation of his "rights guaranteed by the United States Constitution." (Pl.'s Objs. at 5, ¶ 21). Plaintiff has presented no details regarding these allegations, and no evidence upon which the Court could base a finding in his favor on these allegations.

Fourth, Plaintiff argues that the December 10, 1991 conference with Magistrate Judge Grubin was "unconstitutionally ordered" because "Plaintiff was sidetracked from a show cause hearing . . . for an informal status conference." (Pl.'s Objs. at 5–6, ¶ 24). Magistrate Judge Grubin held the conference in order to address "several matters," including Defendants' motion to dismiss and Plaintiff's motion for a temporary restraining order. (Tr. at 2, 7–8). However, shortly after the conference commenced, the Magistrate Judge asked Plaintiff if he intended to appear at his deposition or to pay the discovery sanctions ordered previously. When Plaintiff responded that he did not intend to comply with the discovery orders, Magistrate Judge Grubin recommended dismissal before reaching Plaintiff's motion for a temporary restraining order. (Tr. at 8–9, 14–15). The Magistrate Judge later stated that, in light of her recommendation that the case be dismissed, it would be "impossible to

find that [Plaintiff] meet[s] the standards for a TRO." (Tr. at 19). It is well established in the Second Circuit that, in order to obtain a preliminary injunction, the movant must establish " '(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief.' " *Roso–Lino Beverage Distributors, Inc. v. Coca–Cola Bottling Co. of New York, Inc.,* 749 F.2d 124, 125 (2d Cir.1984), *quoting Jackson Dairy, Inc. v. H.P. Hood & Sons,* 596 F.2d 70, 72 (2d Cir.1979). The same standard applies to motions for temporary restraining orders. *See Metropolitan Life Insurance Co. v. R.J.R. Nabisco, Inc.,* 716 F.Supp. 1526, 1529 (S.D.N.Y.1989). Here, because the Court is dismissing Plaintiff's complaint as a sanction for Plaintiff's abuse of the discovery process, there will be no decision on the merits and therefore, Plaintiff will not be irreparably harmed if the Court refuses to restrain Defendants' assets pending a decision on the merits. In light of Plaintiff's failure to meet the first half of the test for issuing a temporary restraining order, the Court need not consider whether Plaintiff is likely to succeed on the merits. The Court therefore adopts the R & R and denies Plaintiff's motion for a temporary restraining order.[2]

▆ In addition, Plaintiff makes several objections that do not directly concern the Magistrate Judge's December 10, 1991 R & R that is presently before the Court. The Court is not required to consider these objections because a "party is not entitled as of right to a de novo review by the judge or an argument never seasonably raised before the magistrate." *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990–91 (1st Cir.1988). However, in light of Plaintiff's pro se status, the Court will briefly address these objections.

First, Plaintiff argues that Defendant cannot complete Plaintiff's deposition because discovery was closed in 1987, and Defendant never requested that the Court reopen it. (Pl.'s Objs. at 3, ¶ 12). However, Defendant commenced Plaintiff's deposition before the completion of discovery and Plaintiff caused the delay in the deposition by refusing to cooperate.

Second, Plaintiff urges the Court to award him summary judgment in light of Plaintiff's October 11, 1988 summary judgment motion, to which Defendant never filed any opposition papers. (Pl.'s Objs. at 3, ¶ 10). As stated in the Court's December 10, 1991 Order, the "Court finds that material facts in dispute prevent the Court from granting summary judgment to Plaintiff." (12/10/91 Order at 2).

Third, Plaintiff argues that he was compelled to sign a scheduling order when he appeared before the Court for a conference on November 22, 1991. (Pl.'s Objs. at 4, ¶ 17). The transcript demonstrates that Plaintiff was not required to sign the scheduling order. The Court stated to Plaintiff:

> The purpose of Mr. Baker and defense counsel signing my scheduling order is simply for me to have a written piece of paper that shows that both parties have read my scheduling order and are aware of the dates I set. . . . If you don't want to sign it, I'll just tell you what the dates are and on the record you will have been advised of what the dates are. . . . You don't have to sign.

(Transcript of 11/22/91 Conference, at 20).

Fourth, Plaintiff suggests that the Court is responsible for the lengthy delays that have occurred in this case. (Pl.'s Objs. at 8, ¶ 42). The Court disagrees and finds that it is clear from Magistrate Judge Grubin's January 31, 1991 Opinion and Order that Plaintiff caused

---

2. On December 16, 1991, after Magistrate Judge Grubin issued her R & R recommending dismissal of Plaintiff's complaint, Plaintiff moved for a preliminary injunction based on the same grounds stated in Plaintiff's prior motion for a temporary restraining order. In light of the Court's decision to adopt the Magistrate Judge's R & R and dismiss this case, the Court need not consider Plaintiff's motion for a preliminary injunction. Furthermore, because the standards for issuing a temporary restraining order and a preliminary injunction are the same, the Court would deny Plaintiff's preliminary injunction motion for the same reasons it denies Plaintiff's motion for a temporary restraining order.

the delays by refusing to abide by the Court's discovery orders. *Baker*, 134 F.R.D. at 66–71.

Fifth, Plaintiff states that "had Defendants made Plaintiff a reasonable settlement offer" at the December 10, 1991 hearing, "Plaintiff may have accepted and this case will [sic] have been over." (Pl.'s Objs. at 6, ¶ 26). However, Defendants have no obligation to make Plaintiff a settlement offer.

Finally, Plaintiff requests that the Court reconsider his requests to call the court reporters who covered his deposition to the stand and to conduct a "full evidentiary de novo determination hearing." (Pl.'s Objs. at 6–7, ¶¶ 28–29). As noted in Magistrate Judge Grubin's January 31, 1991 Opinion and Order, a hearing was conducted on November 2, 1989 in order to obtain the testimony of the court reporters who transcribed Plaintiff's deposition. *Baker*, 134 F.R.D. at 69–71. Furthermore, Plaintiff's abuse of the discovery process warrants dismissal of Plaintiff's complaint at this time regardless of his request for a new hearing.

Therefore, even after affording Plaintiff the "special solitude" shown to pro se plaintiffs in the Second Circuit, the Court finds that Plaintiff's violations of Magistrate Judge Grubin's discovery orders amounted to willfulness and bad faith. The Court dismisses Plaintiff's complaint with prejudice.

## CONCLUSION

For the reasons stated above, the Court adopts Magistrate Judge Grubin's recommendation that Plaintiff's complaint be dismissed in its entirety. The clerk is ordered to dismiss Plaintiff's complaint with prejudice.

SO ORDERED.