**Elizabeth QUILES, Plaintiff,**

v.

**BETH ISRAEL MEDICAL CENTER, Defendant.**

**No. 94 Civ. 3952 (JGK).**

United States District Court, S.D. New York.

June 24, 1996.

Ben M. Arai, appearing on behalf of Elizabeth Quiles pro se Fredericka Pol and Iris Diaz, Bronx.

Rory McEvoy, Marshall & McEvoy, New York City, for defendant.

*OPINION AND ORDER*

KOELTL, District Judge:

Defendant Beth Israel Medical Center ("BIMC") moves, pursuant to Fed.R.Civ.P. 37(b) and 16(f), for dismissal of the complaint and the imposition of monetary sanctions for the plaintiff's repeated failures to comply with discovery orders and failures to appear at pre-trial conferences. For the reasons set forth below, the defendant's motion is granted in part and the complaint is dismissed with prejudice. The defendant's request for monetary sanctions is denied.

## I.

Plaintiff Elizabeth Quiles commenced this action on May 26, 1994, pursuant to Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law. Quiles, a former secretary in BIMC's Social Work/Discharge Planning Department, alleges that she was sexually harassed by her supervisor during the course of her employment at BIMC. Although originally represented by counsel in this action, Quiles has been proceeding pro se since November 15, 1994.

Central to this dispute are a journal kept by Quiles and tape recordings of conversations between her and BIMC employees that Quiles alleges are in her possession. BIMC sought access to these items in order to review them prior to conducting Quiles' deposition. Between May 26, 1994, and February 6, 1995, the Court issued three orders, directing Quiles to produce the journal and tapes for inspection and copying by BIMC. Quiles did not comply with these orders despite being told by her attorney that she was under an obligation to produce the documents and tapes, and despite repeated warnings from the Court that failure to comply with Court orders could result in the dismissal of her complaint.[1] Quiles did not provide any excuse for her noncompliance at that time.[2] In addition, Quiles failed to appear at

---

1. Although Quiles produced some documents and three tape recordings on January 20, 1995, these did not include the journal or recordings of conversations sought by BIMC.

2. Nearly one year later, in papers opposing BIMC's motion to dismiss, Quiles stated that she had informed her counsel that she was unable to

incur the cost of mailing this material to her lawyers. BIMC's counsel, however, asserts that Quiles' attorney did not provide them with any indication of Quiles' financial hardship. Indeed, BIMC's counsel states that Quiles' attorney expressly stated that Quiles had declined to provide him with this material.

a pre-trial conference held on November 15, 1994.

On March 20, 1995, in light of Quiles' continuing failure to comply with the Court's discovery orders, BIMC requested that the complaint be dismissed. Following a pre-trial conference on June 2, 1995, which Quiles failed to attend despite notice, the Court scheduled BIMC's motion to dismiss the case. The Court warned Quiles that failure to oppose BIMC's motion could result in dismissal of the case. Quiles filed papers opposing the motion on August 15, 1995.

The Court heard oral argument on BIMC's motion to dismiss on September 29, 1995. Mindful of Quiles' pro se status, the Court denied BIMC's motion to dismiss without prejudice to renewal. Further, in an attempt to facilitate Quiles' compliance with the discovery orders, the Court set out a schedule directing BIMC to provide Quiles with the names of two commercial copying services to enable Quiles to make copies of the audio tapes. Quiles was to select one of the copying centers and deliver the tapes to the center by October 12, 1995. In addition, Quiles was to produce all requested documents by October 13, 1995. She was also informed of the availability of the Pro Se Office to assist her. The Court extended this deadline to November 27, 1995, after Quiles wrote to the Court requesting an extension of time because she was attempting to secure an attorney to represent her.

On October 17, 1995, BIMC served Quiles with its First Set of Interrogatories, responses to which were due on November 30, 1995. Quiles failed to meet this deadline. Nearly three months later, on January 8, 1996, she wrote to the Court stating that she had not received the interrogatories. BIMC re-served its First Set of Interrogatories by registered mail on January 30, 1996. Quiles' response was due by March 4, 1996.

Quiles failed to comply with the November 27 deadline for submission of her tapes for copying and production of the requested documents. Instead, she wrote to the court requesting "one last extension," stating that she was still trying to obtain counsel. The Court granted this request, staying the action again until January 3, 1996. On January 5, 1996, Quiles wrote to the Court requesting still another extension of time, contending that prospective counsel wished to review the original documents and tapes. The Court granted Quiles' third request for an extension over BIMC's strong opposition and renewed motion for dismissal of the action. By order of January 25, 1996, the Court stayed the action again until February 21, 1996, directed Quiles to turn over her tapes and requested documents by February 22, 1996, and again denied BIMC's motion for dismissal. The Court also issued an explicit warning to Quiles, stating that "the plaintiff is warned that she must comply with these dates whether she has retained counsel or not. Particularly, in view of plaintiff's failure to comply with prior discovery orders, failure to comply with this discovery order may result in the dismissal of her case."

Quiles failed to heed this warning and did not comply with the February 22, 1996, deadline. She also ignored the March 4, 1996 deadline for responding to BIMC's interrogatories. On March 15, 1996, the Court directed BIMC to file a renewed motion for dismissal of the complaint. The Court also warned Quiles that failure to respond to the motion could result in dismissal of her case. To date, Quiles has not presented any papers in response to BIMC's motion for dismissal. The Court heard oral argument on the motion on April 12, 1996, and the plaintiff again failed to appear, although she sent a representative to argue on her behalf.

## II.

Rule 37 of The Federal Rules of Civil Procedure addresses the consequences of a party's failure to comply with discovery orders. *See Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 207, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958); *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 763–764 (2d Cir.1990), *cert. denied*, 499 U.S. 943, 111 S.Ct. 1404, 113 L.Ed.2d 459 (1991). Rule 37 provides, in relevant part, that:

> If a party ... fails to obey an order to provide or permit discovery ..., the court in which the action is pending may make

such orders in regard to the failure as are just, and among others the following:

. . . .

(C) An order . . . dismissing the action or proceeding . . .

Fed.R.Civ.P. 37(b)(2). Federal Rule of Civil Procedure 16(f) provides that if a party fails to obey a scheduling or pretrial order, or fails to appear at a scheduling or pretrial conference, the court may impose sanctions "as are just, and among others, any of the orders provided in Rule 37(b)(2)(B), (C) [or] (D)." Fed.R.Civ.P. 16(f).[3] Rule 16(f) incorporates portions of Rule 37 and the application of Rule 37 standards when dismissing a complaint under Rule 16(f) has been recognized as appropriate. *See Salahuddin v. Harris,* 782 F.2d 1127, 1133 (2d Cir.1986); *Johnson v. M. Melnick & Co.,* No. 91 Civ. 7961, 1996 WL 239994, at *1 (S.D.N.Y., May 8, 1996).

Sanctions provided under Rule 37 serve several purposes: to ensure that the parties comply with court orders in the particular case; to serve as a specific deterrent by penalizing those whose conduct warrants sanction; and to provide a general deterrent effect. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 71 (2d Cir.1988); *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir.1979). The imposition of sanctions under Rule 37 lies within the broad discretion of the trial court. *See Minotti v. Lensink,* 895 F.2d 100, 102–103 (2d Cir. 1990); *Bobal,* 916 F.2d at 764. Although dismissal with prejudice is a "drastic remedy that should be imposed only in extreme circumstances," *Salahuddin,* 782 F.2d at 1132, that remedy is available in appropriate circumstances. *National Hockey League,* 427

U.S. at 643, 96 S.Ct. at 2781; *Minotti,* 895 F.2d at 103; *Cine Forty–Second Street Theatre Corp.,* 602 F.2d at 1063–1064. *See also Update Art,* 843 F.2d at 71 (". . . although preclusion of evidence and dismissal of the action are harsh remedies . . . they are necessary to achieve the purpose of Rule 37 as a credible deterrent . . .").

The sanction of dismissal is appropriate when a party's failure to comply with a discovery order is due to "willfulness, bad faith or any fault." *See Salahuddin,* 782 F.2d at 1132 (citing *Societe Internationale,* 357 U.S. at 212, 78 S.Ct. at 1095–1096; *Cine Forty–Second Street Theatre Corp.,* 602 F.2d at 1066. Where such criteria are met, even a pro se litigant's claim may be dismissed. *Valentine v. Museum of Modern Art,* 29 F.3d 47, 50 (2d Cir.1994); *Minotti,* 895 F.2d at 103. The Court of Appeals has explained that ". . . while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer,* 850 F.2d 121, 124 (2d Cir.1988). Nevertheless, because pro se litigants are generally unfamiliar with the procedures and practices of the courts, a court may not dismiss a pro se litigant's claim for failure to comply with discovery orders without first warning the litigant of the consequences of noncompliance. *See Bobal,* 916 F.2d at 766.

The criteria of willfulness and bad faith imply a "deliberate disregard of the lawful orders of the court." *Cine Forty–Second Street Theatre Corp.,* 602 F.2d at 1067. In the present case, the plaintiff deliberately ignored Court orders regarding discovery on seven separate occasions despite warnings that failure to comply with discov-

---

**3.** Rule 16(f) states, in pertinent part:

(f) Sanctions. If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).

In lieu of or in addition to any other sanction, the judge shall require the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust. . . .

Fed.R.Civ.P. 16(f).

ery orders could result in dismissal of her case. In defense of her actions the plaintiff contended that she could not provide BIMC with the tapes and documents because prospective counsel wished to review the original material. But even this excuse should not have prevented the plaintiff from complying with the Court orders that permitted her to have the materials copied so that she could retain the originals.

Quiles was first informed of her obligations to comply with Court orders regarding discovery by her counsel. Thus, she was aware of these obligations as early as November, 1994. In addition, the Court repeatedly warned Quiles that failure to comply with the Court's orders could lead to dismissal of her case. Fully aware of the importance of affording pro se litigants the opportunity to understand and comply with Court orders, the Court set out a schedule to facilitate Quiles' compliance, granted numerous extensions of deadlines and told Quiles to seek the assistance of the Pro Se Office. Her continuous and flagrant disregard for the Court's directives supports a finding of willfulness and bad faith. *See Baker v. Ace Advertisers' Service, Inc.,* 153 F.R.D. 38, 41 (S.D.N.Y. 1992) ("The Court finds the Plaintiff's continued refusal to abide by the Court's ... discovery orders was willful and in bad faith"). *See also 535 Broadway Associates v. Commercial Corp. of America,* 159 B.R. 403, 408 (S.D.N.Y.1993) ("... plaintiff and his attorney ... ignored court orders and failed to seek extensions ... [This] is the type of unprofessional and uncaring conduct that constitutes not just gross negligence but bad faith").

 Quiles' repeated failure to comply with discovery orders has frustrated BIMC in its efforts to obtain the documents necessary to proceed with its defense. As a result, this litigation remains at a preliminary stage more than two years after it began. In turn, BIMC has incurred substantial litigation costs and has been unable to resolve the dispute by dispositive motion or trial. While a pro se litigant should be given special solicitude, this "does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plain-

tiff is calling to vindicate [her] rights." *McDonald v. Head Criminal Court Supervisor Officer,* 117 F.R.D. 55, 58 (S.D.N.Y.1987), *aff'd,* 850 F.2d 121 (2d Cir.1988). This Court has made every effort to accommodate Quiles' needs in this litigation, often at the expense of the needs of the defendant, but Quiles has continued to ignore the Court's orders.

Given Quiles' repeated refusal to comply with basic Court orders regarding discovery for over a year and a half, and her refusal to produce to the defendant the documents that it needs to proceed with this litigation, it is clear that no sanction short of dismissal would be effective. Because the plaintiff is appearing pro se, this is not a case where monetary sanctions would be reasonable, nor can sanctions be imposed upon the plaintiff's lawyer. *Compare Dodson v. Runyon,* 86 F.3d 37, 38–39 (2d Cir.1996). Accordingly, defendant's motion to dismiss this complaint pursuant to Rule 37(b)(2)(C) is hereby granted. The defendant's motion for an award of monetary sanctions is denied.

### CONCLUSION

The defendant's motion to dismiss this action with prejudice is granted. The Clerk is directed to enter judgment dismissing the action and closing the case.

**SO ORDERED.**

