**OLD COUNTRY TOYOTA CORP., et al., Plaintiffs,**

v.

**TOYOTA MOTOR DISTRIBUTORS, INC., et al., Defendants.**

**No. CV 93–5768 (TCP).**

United States District Court, E.D. New York.

Aug. 26, 1996.

Scott A. Brody, Brody Wolkofsky & Brody, Bellmore, New York, for Plaintiffs.

Charles D. Donohue, Shanley & Fisher, New York City, for Defendants.

*MEMORANDUM OPINION*
*AND ORDER*

BOYLE, United States Magistrate Judge.

This action was removed to the federal court in December, 1993. It involves claims by the plaintiffs, Old Country Toyota Corp. and John S. Bucalo, Jr., a new car dealership and its principal owner, respectively (hereinafter referred to as "Old Country") for breach of contract arising out of new car allocations made by the defendant, distributors of new vehicles, Toyota Motor Distributors, Inc. and Toyota Motor Sales, U.S.A. (hereinafter called "Toyota Distributors").

After approximately one and one-half years of litigation, by order dated June 30, 1995, the court set a discovery completion date of November 15, 1995 for fact witness discovery and April 1, 1996 for expert discovery. Within this timetable the scheduling order further directed that Old Country serve its "Fed.R.Civ.P. 26(a)(2) material by January 10, 1996," and that Toyota Distributors serve its expert materials by March 1, 1996.

By order dated April 15, 1996, the latter order was modified due to the fact that the parties had not completed document production. Old Country Toyota was granted until May 31, 1996 to provide "its expert report and all other expert disclosure in compliance with Rule 26(a)(2). . . ." However, Old Country failed to adhere to this schedule. By letter motion dated June 11, 1996 Toyota Distributors' counsel requested sanctions in the form of preclusion of expert testimony by Old Country. By letter dated June 11, 1996 Old Country's counsel responded stating that on May 14, 1996 Toyota Distributors had located 2900 pages of additional documents which had caused the delay. Old Country requested that the court address this and other issues at a scheduling conference set for July 11, 1996. By letter motion dated June 28, 1996 Toyota Distributors—citing the above schedule—further advised the court that Old Country had still not filed its expert report and once again requested that the court impose sanctions in the form of precluding Old Country from introducing expert testimony at the trial.

This matter was fully discussed at the scheduling conference conducted on July 11, 1996. Old Country's counsel made assurances that an adjournment to July 26, 1996 would enable him to provide a complete report. Based on these representations, the court extended expert discovery. Old Country was directed to serve their expert report in full compliance with Rule 26 no later than July 26, 1996. Toyota Distributors were di-

rected to serve their expert report by September 27, 1996; expert depositions were directed to be completed by October 11, 1996.

By letter motion dated August 1, 1996, Toyota Distributors counsel renews the request for sanctions based on Old Country's failure to file a final report on July 26, 1996. Counsel for Toyota distributors states that on July 26, 1996, Old Country provided an expert report by Dr. Ernest H. Manuel, Jr. of The Fontana Group, Inc. The author of the report described it as his "preliminary assessment." *See Letter of Ernest H. Manuel, Jr.,* dated July 25, 1996 at 1. The report further states that "the calculations are draft and preliminary and subject to verification and possible correction." *Id.* The report further states that "I may reach additional conclusions as my analysis continues and as discovery proceeds and additional documents and deposition testimony become available." *Id.* at 1–2.

Old Country opposes the motion for sanctions stating that his clients have complied with the scheduling order "with one exception". This exception is described as an "extremely expensive [1] calculation for the expert to perform." *Letter of Scott A. Brody,* dated August 8, 1996 at 1. Mr. Brody further stated that if he were to proceed with the final calculations "all opportunity to settle this case would be eliminated." Mr. Brody further states that he expected to know whether the case will settle or proceed to trial by Friday, August 9, 1996.

Old Country's counsel offers no explanation for the change in position with respect to the assurances made on the record on July 11, 1996. Moreover, Old Country makes no motion for a further extension of time to file a completed expert report. Instead, plaintiffs' counsel appears to assume that he has the right to indefinitely extend the dates set for filing their final expert report. Although Old Country stated that it would know whether the case would settle by Friday, August 9, 1996, the court has received no further correspondence from Old Country. Thus, Old Country has never advised the

court whether it is willing to undertake the "extremely expensive calculation" which they have been reluctant to undertake thus far. In the meanwhile Toyota Distributors is unable to go forward with their expert report since it has not received a final report to turn over to their expert. In effect, Old Country has imposed a *de facto* stay on discovery without court approval.

## DISCUSSION

■ The court grants Toyota Distributors' motion requesting preclusion to the following extent: Old Country's expert report dated July 25, 1996, as supplemented by their August 8, 1996 correspondence and accompanying data, shall be deemed to constitute their final report. Fed.R.Civ.P. 37(b)(2)(B); *see Daval Steel Products v. M/V Fakredine,* 951 F.2d 1357, 1365 (2d Cir.1991) (holding that "[a] district court has wide discretion in imposing sanctions, including severe sanctions, under Rule 37(b)(2)") (citing *Bobal v. Rensselaer Polytechnic Inst.,* 916 F.2d 759, 764 (2d Cir.1990); *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.,* 845 F.2d 1172, 1176 (2d Cir.1988)); *see also Dimensional Sound, Inc., v. Rutgers University,* 1996 WL 11244, at *3 (S.D.N.Y. Jan. 10, 1996) (stating that the purpose of Rule 37 sanctions are to ensure that a party does not benefit from noncompliance of discovery) (citing *Valentine v. Museum of Modern Art,* 29 F.3d 47, 49 (2d Cir.1994)).

Old Country is precluded from serving any further revisions or supplements except to the extent that they are under a continuing obligation, pursuant to § II(B)(2) of the Civil Justice Expense and Delay Reduction Plan to supplement "if the party learns that the information disclosed is no longer correct" or "to contradict or rebut evidence on the same subject matter identifiable by another party, within 30 days after the disclosures made by such other party." [2] *Sieck v. Russo,* 869 F.2d 131, 134 (2d Cir.1989) ("We ... prefer to ... provide the teeth to enforce discovery orders by leaving it to the district court to

---

1. Old Country's counsel states that the expense is "⅓ of the total settlement discussed." *Letter of Scott A. Brody,* dated August 8, 1996.

2. This provision may not be used to overcome the sanction of preclusion entered herein.

determine which sanction from among the available range is appropriate."); *see Quiles v. Beth Israel Medical Ctr.,* 168 F.R.D. 15, 17–18 (S.D.N.Y.1996); *see also* Fed.R.Civ.P. 37, Advisory Committee Notes ("[t]he [1980] amendment provides that sanctions available for violation of other court orders respecting discovery are available for violation of the discovery conference order").

Toyota Distributors should not be penalized for Old Country's dilatory tactics. *See Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir.1988) (holding that compliance with discovery orders are "necessary to the integrity of our judicial process"); *see also Jones v. Uris Sales Corp.,* 373 F.2d 644, 647–48 (2d Cir.1967) (district court has the authority to impose Rule 37(b) sanctions for noncompliance with a discovery order). Accordingly, the court extends the date of service of Toyota Distributors' expert report to October 25, 1996; expert depositions, if any, should be completed by November 8, 1996. The final and settlement conference are re-scheduled for November 14, 1996 at 10:00 a.m.

 In correspondence, dated August 19, 1996, in further support of their request for preclusion of expert testimony on behalf of Old Country, Toyota Distributors raises a substantial issue relating to the sufficiency of the expert report, asserting that it contains "no opinions to which the expert may testify and … lacks the basis and reasons" for any opinions as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The court denies the request to preclude any expert testimony. Instead the court grants Toyota Distributors the additional right to take the deposition of Old Country's expert for the purpose of ascertaining the "basis and reasons" for his opinions prior to the preparation of their expert report. Old Country shall pay for the cost and expense of the deposition, including expert fees and Toyota Distributors attorney fees. *See Dimensional Sound, Inc.,* 1996 WL 11244, at *3 (holding that the court has discretion in determining the appropriate Rule 37 sanctions based on the entire record) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976)); *see also Monaghan v. SZS 33 Assoc., L.P.,* 148 F.R.D. 500, 508 (S.D.N.Y.1993) (sanctions available through Rule 37 should serve three fundamental purposes: (1) to "ensure that a party will not be able to profit from its own failure to comply with the requirements of discovery"; (2) a "specific deterrent by seeking to secure compliance with the particular order at hand"; and (3) the "general deterrent effect in enforcing strict adherence to the responsibilities litigants owe to the court and their adversaries. . . .").

In all other respects, Toyota Distributors' application for relief under Rule 37 is denied.

SO ORDERED.