Shirley NEUFELD and Nettie Neufeld, Plaintiffs,

v.

Jack NEUFELD, Defendant.

No. 93 Civil 8131(CBM).

United States District Court, S.D. New York.

April 9, 1997.

Charles H. Knull, Larry Benjamin Miller, Charles B. Law, New York City, for Shirley Neufeld.

Judith E. Siegel-Baum, Lowenthal, Landau, Fischer & Bring, P.C., New York City, Jacob Neufeld, Potomac, MD, Jonathan E. Goldberg, Smith, Somerville & Case, Baltimore, MA, for Jack Neufeld.

## MEMORANDUM OPINION

MOTLEY, Senior District Judge.

This case was originally filed on November 28, 1993. At one point, by order dated September 16, 1994, this case was placed on the suspense calendar at plaintiff's request to give plaintiff, Shirley Neufeld, an opportunity to secure funds with which to employ counsel. She employed counsel and the case was removed from the suspense calendar. The second plaintiff, Nettie Neufeld then joined the case. As the docket sheet and record will reflect, this case has encountered numerous delays. Defendant has also changed counsel.

Despite the fact that this matter is on the eve of trial, plaintiffs have failed to submit a pretrial memorandum and a joint pretrial order has also not been filed. Because plaintiffs have not offered any explanation for their failure to file this important material and because plaintiffs have engaged in a pattern of failing to comply with the orders of this court, the court has decided that dismissal of this action pursuant to Federal Rule of Civil Procedure 16(f) is warranted. In addition, defendant is sanctioned $500 pursuant to Rule 16(f) for failing to file a pretrial memorandum and his portion of a joint pretrial order.

## BACKGROUND

Plaintiffs Shirley and Nettle Neufeld allege that they have suffered from the intentional infliction of emotional distress at the hands of Jacob Neufeld, Shirley Neufeld's half-brother and Nettie Neufeld's son.

The complaint alleges that Nettle Neufeld and her husband, Israel Neufeld, each executed last wills and testaments naming Shirley Neufeld as executrix and leaving fifty percent of their estate to her, twenty-five percent to her sister, Ann Hirsch, and twenty-five percent of their estate to defendant. Nettle and Israel Neufeld each executed cod-

icils to their wills that required the disinheritance of any heir attempting to contest the will. Defendant is allegedly irate because he was not named executor and felt he was not to receive an adequate portion of the estate.

It is alleged that defendant has engaged in a course of extreme and harassing conduct designed to upset plaintiffs emotionally, so that Shirley Neufeld would suffer a nervous breakdown and defendant would gain control of all of Nettie Neufeld's assets, including her house.

Due to the failure of both parties to adhere to the pretrial scheduling orders of this court, discovery took an inordinately long time to be completed. This court ordered on January 26, 1996 that depositions be taken in the month of May. Plaintiffs' counsel and defendant's counsel agreed on a tentative date of May 22 to depose plaintiff Shirley Neufeld, but this was never confirmed, and defendant did not file a Notice of Deposition until May 29, 1996, demanding that plaintiff appear on June 10, 1996. One day before this deposition was to take place, plaintiffs' counsel informed defendant's counsel that the deposition would have to be rescheduled. However, the deposition was never rescheduled, and the court's intervention was required.

On June 27, 1996, this court ordered that all depositions be taken on July 8,9, and 10 and that no extensions would be granted under any circumstances. Rather than comply with the court's order, plaintiff Shirley Neufeld "discharged" her attorney, informing both the court and defendant's counsel of this fact.[1] Plaintiffs' former counsel sent a letter to the court on July 8, informing the court that he could not conduct the deposition scheduled for defendant given the fact that he was dismissed by his clients. He moved on that date to be relieved as attorney of record. Defendant nonetheless appeared on July 8[2], the date of his deposition, and July 9, the date of plaintiff's deposition, but as neither plaintiff nor her attorney of record

appeared, no depositions were taken. On July 17, defendant filed a motion for dismissal and attorney's fees. By order dated August 8, 1996, the Court gave plaintiffs until August 31 to obtain new counsel and until September 18 to serve and file an answer to defendant's motion.

Plaintiffs did indeed obtain another attorney (their third in this matter) and filed an answer to defendant's motion. By order dated September 26, 1996, the court reserved judgment on defendant's motion and scheduled plaintiff Shirley Neufeld's deposition for Wednesday, November 6, 1996. The court explicitly warned plaintiff in that order that her failure to appear for the deposition would result in the dismissal of her case. A copy of the order was sent via certified mail to plaintiff's home address.

Plaintiff did appear for her deposition on November 6, thus the court did not dismiss the case at that time. However, by order and opinion dated November 14, 1996, the court granted defendant's motion for attorney's fees in the amount of $1669.20 for plaintiff's earlier failure to appear for her deposition on July 8.

Another pretrial conference was held on December 13, 1996. At that conference, the court ordered that discovery be completed by December 31, 1996, that pretrial memoranda and a joint pretrial order be filed by February 14, 1997, and that trial commence on April 14, 1997. Since that time, defendant has written to this court on January 17, 1997, indicating that plaintiff Shirley Neufeld had not complied with this court's order directing her to pay plaintiff the amount of $1669.20, but neither party has submitted a pretrial memorandum, and a joint pretrial order has not been filed, despite the fact that this material was to be submitted on February 14, 1997, nearly two months ago, and trial is scheduled to begin within a week. No explanation has been given as to why the joint

---

1. Under the Rules of the Southern and Eastern Districts of New York, an attorney of record may only be relieved or displaced by order of the court. S.D.N.Y. & E.D.N.Y. R. 3(c). Thus, plaintiffs' attempted discharge was of no effect until approved by the court.

2. Defendant lives in Maryland and drove to New York to attend the deposition.

pretrial order and pretrial memoranda have not been filed.

## DISCUSSION

F.R.C.P. 16(f) reads in relevant part:

> If a party or party's attorney fails to obey a scheduling order or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

■ Thus, if a party fails to comply with a pretrial or scheduling order, the court is permitted to use any of the sanctions listed in F.R.C.P. 37, including dismissal. Moreover, the Rule states clearly that the court does not need to wait for the opposing party to move for dismissal; the sanction may be applied *sua sponte*.

Because Rule 16(f) incorporates portions of Rule 37, "the application of Rule 37 standards when dismissing a complaint under Rule 16(f) has been recognized as appropriate." *Quiles v. Beth Israel Medical Center*, 168 F.R.D. 15, 18 (S.D.N.Y.1996) (citing *Salahuddin v. Harris*, 782 F.2d 1127, 1133 (2d Cir.1986)); *Johnson v. M. Melnick & Co.*, 1996 WL 239994, at *1 (S.D.N.Y.1996). *See also* FED.R.CIV.P. 16(f), advisory committee's note to 1983 Amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery. This should facilitate application of Rule 16(f), since courts and lawyers already are familiar with the Rule 37 standards.")

■ The imposition of sanctions pursuant to Rule 37 (and hence Rule 16(f)) is a matter committed to the sound discretion of the District Court. *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976); *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir.1990). However, the Second Circuit has emphasized that "drastic" penalties such as dismissal "should be imposed only in limited circumstances." *Israel Aircraft Indus., Ltd. v. Standard Precision*, 559 F.2d 203, 208 (2d Cir.1977). In order for dismissal to be warranted, two elements must be satisfied. First, as the Supreme Court has emphasized, dismissal is not to be applied unless "it has been established that failure to comply has been due to ... wilfulness, bad faith, or any fault of petitioner." Thus, in recent cases before the Second Circuit in which dismissal on the basis of Rule 37 was affirmed, bad faith and wilful intransigence on the part of counsel were specifically noted. *See. e.g., Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir.1994) (affirming a District Court dismissal where "the record reveals [plaintiff's] sustained and wilful intransigence in the face of repeated and explicit warnings from the Court.")

■ In addition to bad faith, the Second Circuit has indicated that litigants should generally be aware that a violation of the court's order could result in the dismissal of their case. However, while the Circuit has made clear that a failure to explicitly warn a *pro se* litigant of the possibility of dismissal constitutes an abuse of discretion, *Bobal*, 916 F.2d at 764, it is unclear whether this standard also applies to represented litigants such as plaintiffs. One of the Circuit's most recent cases dealing with this issue seems rather ambiguous. In *Simmons v. Abruzzo*, the Circuit reversed a Southern District Judge's Rule 37 dismissal of a case on the ground that the court failed to give notice that violation of an order would result in dismissal. That court stated that in order for the sanction of dismissal to be permissible, the court must "(a) find wilfulness, bad faith, or fault on the part of the party refusing discovery, and (b) ... give notice, *especially to a pro se litigant*, that violation of the court's order will result in a dismissal of the case with prejudice." *Simmons v. Abruzzo* 49 F.3d 83, 88 (2d Cir.1995) (emphasis supplied).

■ Thus, while it is clear that an explicit warning that dismissal will ensue if the court's orders are not obeyed is required in the case of *pro se* litigants, it is unclear how much notice is required of represented litigants. In fact, this court has gone so far as to suggest on one occasion that absolutely no notice is necessary before a represented

plaintiff may have her case dismissed. *See Quiles,* 168 F.R.D. at 18. Whether or not this is the case, the above Second Circuit cases do indicate that the amount of notice required to be given to a represented plaintiff is considerably less than that which must be afforded a *pro se* litigant.

■ In this case, plaintiffs' willful intransigence cannot be questioned. Plaintiff Shirley Neufeld canceled a deposition scheduled for June of last year and failed to reschedule it, she refused to appear for a deposition ordered by the court in early July and only appeared for a deposition in November after the court informed her that the case would be dismissed if she did not appear. Moreover, as of January 17 of this year, she had failed to pay the sanctions imposed upon her by the court nearly two months earlier and, finally, plaintiffs have failed to submit a pretrial memorandum and joint pretrial order despite the fact that the case is to be tried in less than a week.

Nor can it be seriously doubted that plaintiffs were aware that their failure to adhere to court orders could result in the dismissal of their case. While it is true that plaintiffs were never told that their case would be dismissed if they failed to adhere to this particular order, they have been warned in the past that failure to comply with previous orders would result in the court dismissing their case. This level of notice would probably be satisfactory even if the plaintiffs were *pro se;* it is undoubtedly satisfactory given that they are represented by an attorney who should be well aware of the consequences that attach when a plaintiff who has been previously sanctioned for violating a court's order violates a second order so soon thereafter.

### CONCLUSION
■ For the reasons stated above, the court dismisses plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 16(f) for failure to prepare a pretrial order to be joined by defendant and for failure to file a pretrial memorandum as ordered by the court on December 13, 1996. Defendant is fined $500.00 for failure to prepare his portion of the pretrial order and for failing to

serve and file a pretrial memorandum as directed by this court's order of December 13, 1996.