**Kirsten BURK, Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**No. 97–CV–1649 FJS/RWS.**

United States District Court, N.D. New York.

Oct. 21, 1998.

Joseph B. Pachura, Jr., Pachura Law Offices, Utica, New York, for plaintiff.

Thomas J. Maroney, United States Attorney, William H. Pease, Assistant United States Attorney, Syracuse, New York, for defendant.

**MEMORANDUM–DECISION and ORDER**

SCULLIN, District Judge.

**Introduction**

On November 10, 1997, Plaintiff Kirsten Burk filed a complaint to appeal a decision of the Commissioner of Social Security ("Commissioner"), which denied Plaintiff's application for Social Security disability benefits. General Order # 43 governs the time schedule for filing an answer, the administrative record, and briefs in this case. The Defendant filed a timely answer on February 17,

1998. According to General Order # 43, within 45 days after the answer was filed, Plaintiff was to submit a brief setting forth all of the errors which she believes entitle her to relief from the Commissioner's decision. More than four months after this deadline had passed, no such brief was filed. Nor had Plaintiff made any effort to seek an extension.

Presently before the Court is the Report–Recommendation and Order of Magistrate Judge Ralph W. Smith, Jr. Magistrate Judge Smith, acting *sua sponte*, recommends that this action be dismissed for the failure of Plaintiff's counsel to comply with a court order, pursuant to Fed.R.Civ.P. 16(f). Plaintiff filed a timely written objection.[1]

### Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of a magistrate judge's recommendation when it is specifically objected to by a party.

■ Fed.R.Civ.P. 16(f) provides in pertinent part that "[i]f a party or party's attorney fails to obey a scheduling or pretrial order, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Although Rule 16(f)— by its reference to Rule 37(b)(2)—permits a judge to dismiss an action, dismissal is a harsh sanction that should be utilized only when (1) the plaintiff has demonstrated willfulness, bad faith or fault, (2) less drastic sanctions will not work, and (3) the plaintiff has been warned .of the risk of dismissal for failure to comply with court orders. *See Lacey v. Yelle*, No. 96–CV–1714, 1998 WL 22068, at * 2 (N.D.N.Y. Jan. 14, 1998).

For example, in *Lacey*, this Court dismissed an action after (1) plaintiffs conceded that their failure to obey a court order was willful, (2) plaintiffs asserted that they would continue to refuse such an order even if it were to be reissued, and (3) the magistrate judge's order specified that failure to comply could result in dismissal. *See id.* at * 2. Other cases in this Circuit that have been dismissed under Rule 16(f) also met the three prerequisites. *See, e.g., Lediju v. New York City Dep't of Sanitation*, 173 F.R.D. 105, 109, 113 (S.D.N.Y.1997) (dismissing action after (1) plaintiff failed to submit any papers pursuant to a court order to respond to defendant's summary judgment motion, (2) plaintiff had been granted five previous extensions for filing a response, and (3) the court order warned plaintiff that failure to respond could result in dismissal); *Neufeld v. Neufeld*, 172 F.R.D. 115, 119 (S.D.N.Y.1997) (dismissing action after (1) plaintiffs not only failed to submit a pretrial memorandum and joint pretrial order by the eve of trial, but also had engaged in a pattern of disobeying court orders, including failure to pay sanctions, (2) the court earlier had maintained the action in spite of defendant's motion to dismiss, and (3) the court had earlier warned plaintiffs that failure to obey a court order could result in dismissal); *Quiles v. Beth Israel Med. Ctr.*, 168 F.R.D. 15, 19 (S.D.N.Y.1996) (dismissing action after (1) plaintiff failed to comply with several court orders regarding discovery, (2) the court tried to accommodate plaintiff by setting out a schedule to facilitate compliance and granting numerous extensions, and (3) the court warned plaintiff that failure to comply could result in dismissal).

■ The case at hand does not satisfy the three necessary elements. While true that Plaintiff delayed in filing her brief for an inordinate amount of time, nothing suggests that her failure to comply with General Or-

---

1. Plaintiff's written objections are contained in a letter from counsel dated September 3, 1998, which was sent to and received on September 4, 1998 by Magistrate Judge Smith's chambers. Plaintiff's counsel is hereby reminded of the importance of following proper procedure. As clearly stated in Magistrate Judge Smith's Report–Recommendation, objections are to be filed with the Clerk of the Court within ten days of service of the Report–Recommendation. Despite the timeliness of Plaintiff's objections, it was error to send them directly to Magistrate Judge Smith's chambers. It was not the responsibility of the magistrate judge to ensure that the papers were forwarded to and filed with the Clerk's office. Nevertheless, this Court will accept these objections and instruct the Clerk's office to file and docket the letter. The filing date of the letter will be the same date as this Court's order, even though the letter was mailed and received in early September.

der #43 was willful or in bad faith. Plaintiff's counsel explains in the written objections that he had to assume responsibility for all of his office's workers compensation files after the paralegal assigned to them left his employ. This caseload, plus the failure to receive an updated medical report from Plaintiff's physician, are cited as the primary reasons for missing the filing deadline for Plaintiff's brief. No evidence before the Court suggests otherwise. Moreover, when Plaintiff's counsel forwarded the written objections to Magistrate Judge Smith's chambers, he attached the required brief. This brief has since been filed with the clerk's office and made part of the record. Plaintiff has also supplemented these papers with a complete medical report from her physician, and the Commissioner has filed a Memorandum of Law in support of his motion for judgment on the pleadings. Consequently, it is self-evident that sanctions less drastic than dismissal—in fact no sanctions at all were needed in the face of the threat of dismissal—were appropriate. Finally, the Court can find nothing in the record to suggest that Plaintiff received any warning that failure to submit a brief by a certain time or under certain conditions could result in the dismissal of his complaint. Consequently, the Court concludes that dismissal would be too harsh a sanction at the present time. Nevertheless, Plaintiff and her counsel are put on notice that failure to comply with future court orders could lead to the imposition of harsher sanctions, including dismissal.

### Conclusion

After carefully considering Magistrate Judge Smith's Report–Recommendation and Order filed in this matter, the submissions of the parties and Plaintiff's objections, the relevant parts of the record and relevant law, it is hereby

ORDERED that the Report–Recommendation of the magistrate judge is rejected in its entirety because the sanction sought to be imposed is too harsh under the circumstances; and it is further

ORDERED that the Clerk of the Court shall file Plaintiff's written objections to Magistrate Judge Smith's Report–Recom-

mendation, which are contained in a letter dated September 3, 1998 from Plaintiff's counsel to Magistrate Judge Smith, and it is further

ORDERED that Plaintiff's counsel notify his client that the failure of either Plaintiff or his attorney to comply with future court scheduling or pretrial orders could result in the dismissal of Plaintiff's action.

**IT IS SO ORDERED.**