**Frank C. MARTIN II, Plaintiff,**

v.

**METROPOLITAN MUSEUM OF ART, Defendant.**

**No. 92 Civ. 8594 (JSM).**

United States District Court, S.D. New York.

Nov. 8, 1994.

Frank C. Martin II, pro se.

Elizabeth A. Alcorn, Whitman Breed Abbot & Morgan, New York City, for defendant.

***ORDER***

MARTIN, District Judge.

The Court is in receipt of a Report and Recommendation of the Honorable Sharon E. Grubin recommending that the Court dismiss this action pursuant to Fed.R.Civ.P. 37(b)(2)(C) and Fed.R.Civ.P. 41(b) for plaintiff's failure to prosecute and failure to com-

---

ply with Judge Grubin's September 28, 1993 and November 22, 1993 orders. Having considered plaintiff's response to Judge Grubin's order as well as the response of the defendant, the Court adopts the report and recommendation of Judge Grubin, and hereby orders that the complaint be dismissed. Judge Grubin's very careful opinion details plaintiff's history of failing to comply with the orders of the Court.

Although plaintiff asserts in his response that his failure to produce documents pursuant to Judge Grubin's orders resulted solely from the fact that he was unable to locate them, plaintiff previously represented to the Court that he had the documents in his possession and simply needed time to "examine all documents thoroughly" and desired "an opportunity to review and arrange them." Plaintiff was under an obligation to produce the documents pursuant to Judge Grubin's orders. If, in fact, they could not be located, he was under an obligation to report that fact.

The complaint is dismissed.

**SO ORDERED.**

### REPORT AND RECOMMENDATION TO THE HONORABLE JOHN S. MARTIN, JR.

GRUBIN, United States Magistrate Judge.

Plaintiff *pro se* brings this Title VII action arising from defendant's termination of his employment in February 1990. Your Honor referred this case to me for general pretrial purposes on August 27, 1993. Defendant now moves for dismissal of the case because of plaintiff's failure to comply with orders of the court pertaining to discovery.

■ My first contact with the parties was a telephone conference with plaintiff, now a South Carolina resident, and defendant's attorney on September 27, 1993 during which defendant's attorney complained that plaintiff had failed to respond properly to defendant's interrogatories and requests for production of documents which had been served on April 6, 1993. One of these failures concerned the bulk of documents requested

which plaintiff had put in storage in New York City. Although he admitted the documents therein were responsive to defendant's request, plaintiff claimed that he and his wife did not have the time to come to New York to retrieve and organize them. I explained to plaintiff that having brought this action he could not refuse to produce these documents and that the inconvenience or expense of travel to New York City did not warrant five months' delay in producing them. In a written Order the following day confirming the results of the telephone conference, I directed plaintiff to submit sworn responsive answers to defendant's interrogatories by October 15, and to "furnish all documents responsive to defendant's request for production of documents no later than October 29, 1993," a date by which plaintiff had said he would be able to come to New York to do so. My Order also provided for defendant to commence plaintiff's deposition in New York on December 15, 1993, a date agreed to by plaintiff, and for all discovery to be completed by January 31, 1994, deadlines that were predicated on plaintiff's completion by October 29 of his responses to defendant's outstanding discovery requests.

Despite his assurances and my Order, plaintiff did not furnish defendant with any of the documents that he kept in storage in New York by the set date. In response to defendant's attorney's attempt to confer with him about his failure to comply, plaintiff maintained simply that he was too busy and would not say when he would be able to comply. On November 22, 1993 I issued the following additional Order:

Plaintiff has not produced documents he has kept in storage in New York City that are responsive to defendant's request for production of documents, although the pretrial conference on September 27, 1993 focused on the existence, location and production of those documents and my Order of September 28, 1993 required him to furnish defendant with all documents responsive to defendant's request for production of documents by October 29, 1993. Plaintiff's explanation that he and his wife are too busy to produce them is no longer an adequate excuse, and he is now in violation of my Order.

Plaintiff is hereby advised that, under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court," and that his failure to produce these documents constitutes both a failure to prosecute and a failure to comply with a court order. Plaintiff is also advised of Rule 37 which provides for sanctions, including dismissal, for this type of conduct.

It is hereby ORDERED that this case shall be placed on this court's suspense calendar until December 17, 1993 or until such earlier date as plaintiff assures this court that he has fully responded to defendant's discovery requests and cured his default. If plaintiff fails to comply fully with my Order by December 17, 1993, I will recommend to Judge Martin that the case be dismissed.

On December 21, 1993 defendant's attorney informed my chambers that she still had not received any documents from plaintiff. On December 23, 1993 I received a letter dated December 16, 1993 from plaintiff stating that his wife had flown to New York to retrieve the documents and requesting a three-week extension of the December 17 deadline. According to the copy of the airline ticket receipt enclosed with his letter, plaintiff's wife apparently had travelled to New York on November 23. Although he enclosed with his letter copies of some of the documents that he said were responsive to defendant's requests, plaintiff stated that he had not yet been able to "examine all documents thoroughly" and wanted "an opportunity to review and arrange them (by or before January 7, 1994)." As to why he had been unable to review the documents during the three weeks prior to my deadline, plaintiff said that "this proceeding has occurred at the height of the academic season, and its juncture with final exams and the completion of the academic calendar has created a number of conflicts with my and my wife's present employment and means of sustaining ourselves." Even if this explanation were appropriate, it said nothing of the prior ten months in which he was also apparently too busy to abide by his discovery obligations. On January 12, 1994 I received a letter from plaintiff dated January 6, 1994 addressed to me and to defendant's attorney enclosing photocopies of documents which plaintiff suggested were the remaining documents owed defendant pursuant to its April 6, 1993 request for production. However, defendant's attorney rejoined in a letter to me of January 18, 1994 that they were not. Plaintiff still had not responded to all of defendant's requests: still, for example, he had not produced copies of two letters he wrote to the New York State Division of Human Rights, complete copies of his 1989 and 1990 income tax returns, documents relating to his efforts to locate other employment or documents relating to his damage claims. In a letter dated March 14, 1994 plaintiff responded that he had been unable to locate the letters to the NYSDHR but asserted that they were already in defendant's possession. He also enclosed a copy of his 1990 income tax return and copies of three documents pertaining to his "work related activities" in 1994 that he said "have contributed to the delay in my response." Plaintiff's continuing reference to "work related activities" as the cause of his delays notwithstanding, he has not given a reasonable explanation why it took him until March 14, 1994 to produce a copy of his 1990 tax return or why he still has not produced the other requested tax returns and bills he claims to have pertaining to his damage claims or documents showing his attempts to locate other employment.

Plaintiff's excuse for his failure to comply with my November 22 Order is as inadequate as his excuse for failing to comply with the September 28, 1993 Order. After his wife came to New York, apparently on or about November 23, plaintiff presumably had over three weeks to review them and send defendant copies. Plaintiff has pointed to no reason to believe that this undertaking was especially burdensome or that it could not have been completed well before December 17. Plaintiff has treated my Orders of September 28 and November 22 in the same cavalier fashion he has treated defendant's discovery requests since April. Our court system cannot function on the basis of a judicial officer's having to "ride herd" continuously on a plaintiff to pursue his own case and abide by the

law and rules of the court. Despite my explicit warning that if he failed to comply fully with my Order by December 17 I would recommend to your Honor that the case be dismissed, plaintiff persisted unilaterally in devoting his energies to strenuous and unconvincing excuses for his noncompliance rather than to compliance. Plaintiff's behavior is, indeed, inexplicable, except that his letters to the court make it quite clear that he feels he has no obligations in this case because he is the injured party and entitled to proceed in any way he wishes. For example, in his letters of January 6 and March 14, 1994 which purport to explain his actions, he states:

> ... [T]he injury or damage caused to my reputation by the spurious dismissal and strange circumstances of my termination, reinstatement, disenfranchisement, and repeated humiliation by supervisors at the Metropolitan is an inestimable damage to me. I am unsure regarding presentation of requests for compensation for time taken from my life and devotion to creative and positive endeavors to concentrate on this situation caused by the racism and callousness of a supervisor which has robbed me of untold hours of positive activity, so monetary damage is a problematic issue.

> \*　　\*　　\*　　\*　　\*　　\*

> ... [T]he persistence of [the defendant] in defending their wrong-doing, upholding racist ideals, and refusing to correct their mistake with clearly malicious intent is what has caused this situation to continue, not the litany of events that [defendant's counsel] describes which clearly points out my attempts to comply with an increasingly complicated and moribund legal machinery as she works to confuse the issues and distract attention away from her client's guilt by harping on legal process and technicalities.

> As soon as I am able to locate the letters she refers to, they will be forwarded with an additional response.

Despite the last sentence, incredibly, I learned from defendant's counsel last week that nothing whatsoever has been received from plaintiff to date since that March letter.

■ As I expressly pointed out to plaintiff in my November 22 Order, Fed.R.Civ.P. 41(b) authorizes the dismissal of an action for failure to comply with the Federal Rules of Civil Procedure or any court order, or failure to prosecute an action, and Fed.R.Civ.P. 37(b)(2) further provides for sanctions, including dismissal, *see id.* 37(b)(2)(C), for failure to obey an order to provide discovery. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962); *Carney v. Davis,* No. 90 Civ. 2591 (JSM), 1992 WL 96351 at \*2, 1992 U.S.Dist. Lexis 5745 at \*5–6 (S.D.N.Y. Apr. 24, 1992); *Baker v. Ace Advertisers' Service, Inc.,* 134 F.R.D. 65, 71 (S.D.N.Y.1991); *West v. City of New York,* 130 F.R.D. 522, 524–26 (S.D.N.Y. 1990). Similarly, as your Honor has pointed out, "a party's gross negligence and failure to attempt to comply in good faith with its discovery obligations may justify adjudication of the case against it" under Rule 37. *Air–India v. Goswami,* No. 91 Civ. 7290 (JSM), 1993 WL 403999 at \*6, 1993 U.S.Dist. Lexis 13977 at \*17 (S.D.N.Y. Oct. 1, 1993). *See also United States Freight Co. v. Penn Cent. Transp. Co.,* 716 F.2d 954 (2d Cir.1983); *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1064, 1066–68 (2d Cir.1979); *Baker v. Ace Advertisers' Service, Inc.,* 134 F.R.D. at 71.

The Second Circuit has delineated five factors that are pertinent to deciding when dismissal is warranted pursuant to Rule 41(b):

> ■ the duration of the plaintiff's failures, ■ whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] ... the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ..., and [5] ... the efficacy of lesser sanctions.

*Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir.1988). *See Harding v. Federal Reserve Bank,* 707 F.2d 46, 50 (2d Cir.1983); *Carney v. Davis,* 1992 WL 96351 at \*2–3, 1992 U.S.Dist. Lexis 5745 at \*6–7. It is clear in this case that

plaintiff received adequate notice that his failure would result in dismissal. Thus, in *Carney v. Davis,* your Honor dismissed an action when the *pro se* plaintiff, after being responsible for delays in the litigation and being "clearly placed on notice of the court's intent to dismiss if he did not amend his complaint in accordance with" an earlier order, submitted an amended complaint that was not in accordance with that order. 1992 WL 96351 at *3, 1992 U.S.Dist. Lexis 5745 at *7–8. *See also West v. City of New York,* 130 F.R.D. at 524–25 (after notice of court's intent to dismiss for failure to proceed with discovery had been given, plaintiff's continued failure was grounds for dismissal under Rule 41(b)).

It is also clear in this case that, on top of the delay and expense defendant has already suffered through plaintiff's repeated refusals to respond to discovery since April 1993, defendant would be prejudiced by further delay were this case to continue. While plaintiff on the one hand attempted to contend that he had fully complied with the demands, it is patently clear that he has not. Even he so admits in his last communication of March 14, 1994 in which he says, "As soon as I am able to locate the letters [defendant's counsel] refers to, they will be forwarded with an additional response." No letter nor any response has ever been received. Moreover, documents concerning plaintiff's financial situation, his attempts to locate new employment after his termination and his claimed damages are factual issues that defendant has the right to explore in this case but cannot do so without the information plaintiff finds it unnecessary to provide. Furthermore, those documents he has produced are not organized as required under the Federal Rules (even though plaintiff claimed to have needed much additional time in order to organize and assemble them after his wife came to New York to obtain them) and some copies are missing pages. Thus, this case stands still at a preliminary stage, and defendant cannot take plaintiff's deposition (which was to have occurred on December 15, 1993 pursuant to my September 28, 1993 Order following plaintiff's initial default) without the documents that plaintiff shows no indication of providing. Finally, it is appar-

ent that, while dismissal is indeed a drastic remedy, no alternate lesser sanctions would be efficacious in this case. Monetary sanctions are not only unfeasible (references to his financial hardship are a staple of plaintiff's correspondence), but, given my prior orders and plaintiff's blithe ignoring of them, would not be likely to accomplish anything further, nor to assure plaintiff's future adherence to the Federal Rules of Civil Procedure or future orders of this court. As can be seen from the sample portions of his letters set forth at pp. 6–7 above, plaintiff feels justified in proceeding in his own manner and finds document production "moribund legal machinery" and a "technicalit[y]."

This case was commenced by plaintiff on November 25, 1992. Efforts to have it proceed properly have been futile. Without any legitimate excuse or ambiguity, plaintiff violated the Orders of September 28 and November 22 by failing to produce his documents, and, except for dribs and drabs under force, has persisted in that failure despite my explicit warning that I would recommend the dismissal of his complaint if he did so and defendant's having now moved therefor. That he has not even seen fit to communicate in any manner with defendant's counsel or this court since last March confirms the need for dismissal at this time. Accordingly, I respectfully recommend that your Honor dismiss the action pursuant to Fed.R.Civ.P. 37(b)(2)(C) and Fed.R.Civ.P. 41(b) for plaintiff's failure to prosecute and failure to comply with my September 28 and November 22 Orders.

Dated: Oct. 11, 1994.