Luis ABREU, Sr., individually, and as parent and natural guardian of Luis Abreu, Jr., a minor, and next best friend and legal guardian of Isaac Marquez, Plaintiff,

v.

CITY OF NEW YORK; Nicholas Scoppetta, individually, and as Director of the New York City Administration for Children's Services; Grace Balagon, individually, and as a caseworker, Administration for Children's Services; Bosede Akamde, individually and as caseworker, Administration for Children's Services; Xiomara Martinez, individually, and as supervising caseworker, Administration for Children's Services; Soren Butler, individually, and as Case Planner, Administration for Children's Services Office of Case Administration; Denise Bent, individually and as Case Manager Administration for Children's Services Office of Case Administration; Ann Bolla Gen, individually, and as supervisor for Administration of Children's Services; Episcopal Social Services; Cherrie Hutchinson, individually and as supervisor for Episcopal Social Services; Louise Leon, individually, and as supervisor for Espiscopal Social Services; Andrew Metz, individually, and as supervisor for Episcopal Social Services; Lisette Alvarez, individually, and as caseworker for Episcopal Social Services; Emma Diaz, individually and as Executive Director of Episcopal Social Services, Defendants.

No. 00 Civ. 1321(VM).

United States District Court, S.D. New York.

June 27, 2002.

Bruce A. Young, New York City, for plaintiff.

Antoinette Wavene Blanchette, Michael D. Hess, Corp. Counsel of the City of New York, Roger P. McTiernan, Jaffe & Asher LLP, William D. Joyce, Barry, McTiernan & Moore, New York City, James D. Lynch, Lynch & Lynch, Mineola, NY, for defendants.

### *DECISION AND ORDER*

MARRERO, District Judge.

On February 22, 2000, Plaintiff Luis Abreu ("Abreu") filed the above referenced action, on his own behalf as well as the behalf of Luis Abreu, Jr. and Isaac Marquez, alleging "violations of procedural due process, substantive due process and equal protection arising out of the involuntary seizure and retention of Luis Abreu, Jr." by defendant Administration of Children's Services ("ACS") when it placed him the custody of his aunt. (Complaint, at ¶ 1.) Defendants Episcopal Social Services and Father Stephen Chinlund (collectively, "Episcopal Defendants") and defendants Cherrie Hutchinson, Louise Leon, Andrew Metz, Lisette

Alvarez and Emma Diaz (collectively, "Employee Defendants") filed motions seeking the dismissal of the case, and costs, as sanctions pursuant to Federal Rule of Civil Procedure 37. Abreu did not oppose the motions. For the reasons set forth below, the Court grants the City Defendant's motion.

### I. *FACTUAL BACKGROUND* [1]

This action, similar to the related, consolidated action *Nieves v. City of New York, et al.,* docket number 00 Civ. 580 ("Nieves"),[2] has been stalled without meaningful discovery for over a year. According to the case management schedule ultimately agreed upon by the parties and approved by the Court on May 4, 2000, discovery was to continue while the Joint Motion was pending and be completed by December 1, 2000. (*See* Civil Case Management Plan, dated May 4, 2000.) The briefing schedule for the Joint Motion was extended four times by the Court at the request of Young.

The Episcopal Defendants propounded its first set of discovery requests, including Demands for Interrogatories and Request to Produce, on May 3, 2000 ("Episcopal Discovery Requests"). On July 12, 2001, Abreu produced some documents, and stated that additional materials would be provided under separate cover.

On August 23, 2001, the Court granted the Joint Motion in part and ordered Abreu to file an amended complaint, which he did on September 25, 2001. On September 7, 2001, the Court approved of a new case management schedule, which had been agreed to and proposed by the parties.[3] According to the new schedule, Abreu was to respond to the

---

**1.** The facts summarized herein are derived from the official docket in the *Abreu* action, the William D. Joyce, III Affidavit in Support, dated May 9, 2002 ("Joyce Aff.") and its attachments, the James D. Lynch Declaration in Support of Motion, dated May 10, 2002 ("Lynch Decl.") and its attachments, as well as the documents filed in the related *Nieves* action, as explicitly referred to and incorporated by the Lynch Declaration.

**2.** In the interest of efficiency, and because of the similarity in claims and common representation of plaintiffs by Mr. Bruce Young ("Young"), the *Abreu* and *Nieves* actions were consolidated for the purpose of a joint motion to dismiss filed by

the Episcopal Defendants and *Nieves* defendants The Children's Aid Society, D. Glover, Emily Tarrats, Margaret Bennet and Ann McCabe (collectively, "CAS Defendants") in both actions (the "Joint Motion"). For the same reasons, at the conference before the Court on September 23, 2001 at which the motions for dismiss were disposed of, the Court ordered that the cases remain consolidated through discovery.

**3.** An identical case management plan was submitted in the *Nieves* action. (*See* Order, dated Sept. 7, 2001.)

Initial Discovery Requests by September 21, 2001 and discovery was to be completed by December 1, 2001.

Nevertheless, Abreu did not keep to the September Plan because he failed to provide discovery. On October 22, 2001, a month after the September 1 deadline had elapsed, the Episcopal Defendants sent Abreu a good faith reminder letter seeking responses to outstanding Episcopal Discovery Requests. Abreu did not respond to the attempt to meet and confer and, on November 19, 2001, Episcopal Defendants applied to the Court for an Order directing compliance.

The Court ordered that Abreu comply by December 4, 2001, and, that if Abreu did not comply the Episcopal Defendants were granted leave to apply for appropriate sanctions pursuant to Rule 37. (*See* Order, dated November 28, 2001.) In response, Abreu provided a limited number of authorizations on December 3, 2001. The authorizations did not contain the requested, necessary information to be effective and did not provide the Episcopal Defendants with access to the records it requested, accordingly the Episcopal Defendants returned the response to Abreu. (*See* William D. Joyce III Affirmation in Support, dated May 9, 2002, at ¶ 17, Ex. N.) On December 20, 2002, the Episcopal Defendants requested leave to file a motion to dismiss pursuant to Rule 37. The Court did not grant leave at that time.

On January 17, 2002, the defendants in both the Abreu and Nieves matters requested a conference to address the discovery disputes in both matters. On January 23, 2001, the Court referred the discovery disputes to Magistrate Judge James C. Francis (the "Magistrate"), who held a conference in the matter on February 7, 2002.

At the February 7 conference, Young agreed to provide supplemental responses to the various defendants in the *Abreu* and *Nieves* cases by February 15, 2002. Following the February 7 conference, the Magistrate ordered the parties submit letters "detailing any remaining deficiencies in discovery responses provided by their adversaries" by March 8, 2002, responses to any deficiency letters be submitted by March 22, 2002, and that all fact discovery would be completed by June 28, 2002. (*See* Order, dated February 8, 2002.) By letter dated February 7, 2002, the Episcopal Defendants provided a detailed list of outstanding discovery and reminded Abreu of his obligations under the Federal Rules of Civil Procedure, specifically referencing Rule 37.

Receiving no response from Abreu, on February 20, 2002, the Episcopal Defendants sent Abreu a second letter regarding his failure to meet the February 15, 2002 deadline and requesting that he send the supplemental responses. The *Abreu* defendants alerted the Magistrate to Abreu's continuing non-compliance by letters dated March 8, 2002 and April 8, 2002 (collectively, "Deficiency Letters").

The record reflects that Abreu has not made any filings with the Court since a February 12, 2002 request to adjourn a settlement conference scheduled in both the *Abreu* and *Nieves* actions for February 14, 2002. The Court granted Young's request and referred the parties to schedule a settlement conference before the Magistrate.

The Magistrate endorsed a proposed scheduling order for submission of motions to dismiss in both the *Abreu* and Nieves actions (*See* Order, dated April 12, 2002). According to the briefing schedule, motion papers were due by May 10, 2002 opposition papers by May 24, 2002, and reply papers by June 7, 2002. The Episcopal and Employee Defendants filed motions to dismiss pursuant to Rule 37 on May 9, 2002. The Employee Defendants filed their answer the to Amended Complaint on May 13, 2002, along with their Notice of Motion and the Declaration of James D. Lynch in Support of Motion.

Abreu did not oppose the motions. Nor did Young file any opposition to the two similar motions filed in the *Nieves* case. By letter dated June 7, 2002, the Episcopal Defendants requested that their motion be deemed unopposed.

## II.  *DISCUSSION*

Rule 37 sets forth the Court's procedures for enforcing discovery and sanctioning misconduct. "If a party fails to make a disclosure required by Rule 26(a), any party may

move to compel disclosure and for appropriate sanctions" which include an award of reasonable expenses for bringing the motion. Rule 37(a)(1) & (4)(A). Similarly, if a party fails "to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just ...." Rule 37(d). Under either Rule 37(a) or 37(b), the moving party must provide a certification that it has, in good faith, conferred or attempted to confer with the disobedient party in an effort to obtain such answer or response without court action. Rule 37(a)(2) and (d).

If a Court grants a motion made under Rule 37(a), it has broad discretion to impose sanctions as is just, including an order (A) designating certain facts be taken as established; (B) refusing the disobedient party from introducing evidence or claims; (C) striking pleadings, staying the litigation until the obligation is satisfied, dismissing the action, or of default; (D) of contempt against the disobedient party; and (E) to produce a person for examination. *See* Rule 37(b)(2); *see also Friends of Animals Incorporated, v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir.1997). If the Court grants a motion made under Rule 37(d), the Court is authorized to impose sanctions (A) through (C), as is just. *See* Rule 37(d). Reasonable expenses, including attorney's fees, also may be awarded against the party and/or the attorney failing to act, unless the court finds that the failure "was substantially justified, or that other circumstances make an award of expenses unjust." Rules 37(a)(4) and 37(d).

Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his non-compliance. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852–54 (2d Cir. 1995).[4] In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) obtaining compliance with discovery orders; (2) ensuring the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent in the particular case and litigation in general. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *International Mining Co., Inc. v. Allen & Co., Inc.*, 567 F.Supp. 777, 788 (S.D.N.Y.1983); *Baker v. Ace Advertisers' Service, Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y.1992) (dismissing complaint for willful and bad faith violations of Magistrate Judge Orders). The Court may consider the full record in the case in order to select the appropriate sanction. *See Diapulse Corp. of America v. Curtis Pub. Co.*, 374 F.2d 442 (2d Cir.1967); *International Mining*, 567 F.Supp. at 789.

The sanctions of striking pleadings and dismissal are the most extreme sanctions available. *See National Hockey League*, 427

---

**4.** The Rule 37 factors are similar to the factors a court considers when determining whether involuntary dismissal is warranted under Federal Rule of Civil Procedure 41(b) for failure of a plaintiff to prosecute, or to comply with the Rules of Civil Procedure, or to comply with an order of the Court. *See Martin v. Metropolitan Museum of Art*, 158 F.R.D. 289, 292 (S.D.N.Y. 1994) (factors include "'the duration of the plaintiff's failures, whether plaintiff had received notice that further delays would result in dismissal, whether the defendant is likely to be prejudiced by further delay, ... the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ..., and the efficacy of lesser sanctions.") (citing *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988)). A Rule 41(b) dismissal may be made *sua sponte*. *See Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2nd Cir.1993). A pattern of dilatory tactics, such as repeated requests for extensions and the missing of deadlines, may warrant a dismissal for failure to prosecute under Rule 41(b). *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982). Abreu's inexplicable refusal to provide discovery requested by Episcopal Defendants, combined with his requests for extensions to respond to the Joint motion, may also warrant involuntary dismissal of the entire action under Rule 41(b).

U.S. at 643, 96 S.Ct. 2778. Dismissal is appropriate "only where the noncompliance is due to willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight." *Hochberg v. Howlett,* No. 92 Civ. 1822, 1994 WL 174337, *3 (S.D.N.Y. May 3, 1994) (citing *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) and *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1068 (2d Cir.1979).) Additionally, it is incumbent on the Court to ensure that the disobedient party had notice that its conduct risked dismissal and had an opportunity to be heard. *See Spring Valley Water v. Cosco Industries,* No. 91 Civ. 0410, 1998 WL 466110, *2 (S.D.N.Y. Aug. 10, 1998) (citing Rule 37(a)(4) and *Magrino v. NYC Off–Track Betting Corp.,* Nos. 91 Civ. 5627, 91 Civ. 5626, 1994 WL 4446, *2 (S.D.N.Y. Jan. 3, 1994)).

■ Non-compliance may be deemed willful "when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Bambu Sales,* 58 F.3d at 852–53 (citing *Societe,* 357 U.S. at 212–13, 78 S.Ct. 1087 and *Jones v. Niagara Frontier Transp. Authority,* 836 F.2d 731 (2d Cir.1987)). In addition, "a party's persistent refusal to comply with a discovery order" presents sufficient evidence of willfulness, bad faith or fault. *Monaghan v. SZS 33 Associates, L.P.,* 148 F.R.D. 500, 509 (S.D.N.Y.1993) (unexcused failure to comply with two discovery orders warranted dismissal).

Here, Abreu never provided complete responses to the Episcopal Discovery Requests. Under Rule 37, incomplete disclosures or responses are the equivalent of a total failure to disclose or respond. *See* Rule 37(a)(3). Abreu's inaction has stonewalled the progress of the litigation. In the absence of responsive production from Nieves, the Episcopal Defendants have been unable to assess or conduct their defense case.

In addition, Abreu failed to comply with the Court's Orders dated September 7 and November 28, 2001, and February 8, 2002. Then, Abreu failed to meet and confer or otherwise respond to the Episcopal Defendants' Deficiency Letters. Finally, Abreu did not oppose the instant motion.

Young has not communicated with the Court since his February 14, 2002 letter. As such, he has provided no explanation or justification for his, or his client's, repeated failure to provide discovery.

Abreu's persistent failure to provide responsive discovery and subsequent absence from the litigation has prevented resolution of his claims on their merits. Abreu was put on notice in November, and has received explicit warnings, that refusal to comply with discovery and Court Orders risked the imposition of sanctions pursuant to Rule 37. The Court, and the Episcopal Discovery Requests themselves, provided clear and simple directives. Abreu's behavior, in the face of such warnings and in the absence of justification or excuse, can only be viewed as willful. *See Bambu Sales,* 58 F.3d at 852–53; *Monaghan,* 148 F.R.D. at 509. Thus, the Court may exercise its discretion to award even the most extreme of Rule 37's sanctions: dismissal of the action.

In the absence of any excuse or justification, imposing a lesser sanction and thereby permitting Abreu to maintain this action despite his repeated disregard of Court Orders, would not serve Rule 37's goal of precluding disobedient parties from obtaining a benefit from disobedience. Considering also that Abreu has not opposed the Episcopal or Employee Defendants' motions, it does not appear that his conduct will improve. Moreover, the Court is aware that Young's behavior in the *Nieves* case was even more extreme in its delinquency. These circumstances do not suggest that Young or Abreu will be more diligent in responding to any of the other *Abreu* defendants' requests for discovery or any future Court Orders. In light of Abreu's grim failure to comply with discovery process for nearly two years, it would not serve Rule 37's goal of deterrence to permit Abreu to continue to maintain this action.

Considering the full record before it, it is this Court's opinion that none of the lesser

sanctions are likely to serve the Rule 37's three goals. As such, the Court finds that the appropriate sanction is the most extreme, that is, dismissal of the action.

The Episcopal Defendants and Employee Defendants have requested that the Court award them the reasonable expenses of bringing their motions. However, neither movant submitted any documentation of time or costs spent in support of that application. The Employee Defendants, in particular, do not appear to have expended significant resources on this case as they filed their answer at the same time as their motion to dismiss pursuant to Rule 37. As such, the Court cannot determine what the reasonable expenses might be. The Court, therefore, does not order any award of expenses against Abreu or Young.

## III. *ORDER*

For the foregoing reasons, it is hereby

ORDERED that Episcopal Defendants' Motion to Dismiss Complaint [Doc. No. 25] is granted; and it is further

ORDERED that Employee Defendants' Motion [Doc. No. 28] is granted; and it is further

ORDERED that defendants' requests for an award of reasonable fees is denied; and it is finally

ORDERED that the Clerk of Court close this case.