David **NIEVES, individually, and as parent and natural guardian of Jazmine Nieves and David Nieves, Jr., infants, Plaintiffs,**

v.

**CITY OF NEW YORK; Lourdes Ortiz, individually, and as a caseworker, Administration for Children's Services; Joanne Law, individually and as caseworker, Administration for Children's Services; Ralph Dorismond, individually, and as supervising caseworker, Administration for Children's Services; Annette Lezana, individually, and as supervising caseworker, Administration for Children's Services; Loretta Brown, individually and as caseworker, Administration for Children's Services; Ms. Hall, individually, and as supervisor for Administration of Children's Services; Ike Ekweonu, individually, and as supervisor for Administration for Children's Services; Bonnie Lowell, individually, and as Director of the New York City Administration individually, and as case manager for Administration for Children's Services; Nicholas Scoppetta, individually, and as Director of the New York City Administration for Children's Services; the Children's Aid Society and their employees; D. Glover, individually and as a caseworker for The Children's Aid Society; Emily Tarrats, individually, and as caseworker for The Children's Aid Society; Margaret Bennet, individually, and as caseworker for The Children's Aid Society; and Ann McCabe, individually, and as Administrative Director of The Children's Aid Society, Defendants.**

No. 00 CIV. 0580(VM).

United States District Court,
S.D. New York.

June 27, 2002.

Bruce A. Young, New York City, for plaintiffs.

David M. Covey, Sedgwick, Detert, Moran & Arnold, Paul H. Aloe, Rubin, Baum, LLP, Paul H. Aloe, Wachtel & Masyer, LLP, New York City, for defendants.

## DECISION AND ORDER

MARRERO, District Judge.

On January 27, 2000, Plaintiff David Nieves ("Nieves") filed this action on his own behalf as well as on the behalf of his non-custodial children, Jazmine Nieves and David Nieves, Jr. Nieves alleges that he received improper notice that on August 14, 1997, his children were removed from their biological mother's custody by defendant Administration of Children's Services ("ACS") and placed in the custody of their aunt. Defendants City of New York, Nicolas Scoppetta, Lourdes Ortiz, Joanne Law, Ralph Dorismond, Annette Lezama (s/h/a Annette Lezana), Ikechukwu Ekweonu (s/h/a Ike Edeweonuo) and Bonnie Lowell (collectively, "City Defendants") and defendants The Children's Aid Society, D. Glover, Emily Tarrats and Ann McCabe (collectively, "CAS Defendants") filed motions seeking dismissal of the case and costs as sanctions pursuant to Federal Rule of Civil Procedure 37. Nieves did not oppose the motion. For the reasons set forth below, the Court grants the CAS and City Defendants' motions.

## I. *FACTUAL BACKGROUND* [1]

This action, as well as the related consolidated action *Abreu v. City of New York, et al.,* —— F.R.D. ——, Docket Number 00 Civ. 1321, 2002 WL 1402108 (S.D.N.Y.2002) ("*Abreu*"), has languished without meaningful discovery practically since its inception due to Nieves's failure to respond even to the first requests for discovery served on him over two years ago. On March 31, 2000, the same day they filed their Answer, the City Defendants served their First Set of Interrogatories, First Set of Document Requests, including release forms, and a Notice of Deposition of Nieves, for July 25, 2000 (the "City Discovery Requests"). On June 10, 2000, the CAS Defendants propounded Interrogatories and Notice to Produce Documents upon Nieves (the "CAS Discovery Requests").

According to the case management schedule agreed upon by the parties and approved by the Court, discovery was to continue while a motion to dismiss was briefed and was to be completed by December 1, 2000. (*See* Civil Case Management Plan, dated May 9, 2000.) Nevertheless, during this time Nieves failed to respond to the City Discovery Requests. The City Defendants reminded him of his obligation to respond by letter dated December 5, 2000, to which Nieves did not respond.

In the interest of efficiency, and because of the similarity in claims and common representation of plaintiffs by Mr. Bruce Young ("Young"), the *Nieves* and *Abreu* actions were consolidated for the purpose of a joint motion to dismiss filed by the CAS Defendants and *Abreu* defendants Episcopal Social Services and Father Chindlund. The joint motion was in briefing for an extended period of time due to the numerous requests for extensions made by Young. For the same reasons of efficiency, similarity and common representation, at the conference before the Court on September 23, 2001, after the mo-

tions to dismiss had been ruled upon, the Court ordered the two cases remain consolidated through discovery. On August 24, 2001, the Court granted the CAS Defendants' motion to dismiss on all but one claim, which the CAS Defendants answered on September 13, 2001.

On September 7, 2001, the Court approved a new case management schedule, which had been agreed to and proposed by the parties.[2] According to the new schedule, Nieves was to respond to the City Discovery Requests by September 21, 2001 and discovery was to be completed by December 1, 2001.

The smooth progress of discovery was interrupted first by the September 11, 2001 attack on the World Trade Center. According to the City Defendants, it reached out to Young and Nieves by offering to stipulate to an adjournment of existing discovery deadlines. Young informed City Defendants that his office, files and loved ones had survived the attack. Nieves did not request any stipulated extension of time from the parties nor did he request an adjournment of any deadlines from the Court.

Nevertheless, Nieves did not comply with the September Plan because he failed to respond to the CAS Discovery Requests and City Discovery Requests by September 21, 2001. On September 24, 2001, CAS Defendants sent Young a reminder letter and offered to extend his time to respond. Two weeks later, having received no responses, the CAS Defendants sent additional reminders on October 5, 2001 and November 5, 2001. Having attempted to meet and confer with Young regarding discovery, the CAS Defendants applied to the Court for an order directing Nieves to comply with discovery. The Court ordered that Nieves respond to the outstanding CAS Discovery Requests within five days. (Order, dated December 4, 2001.) Nieves did not respond by the Court-

---

1. The facts summarized herein are derived from the official docket in the *Nieves* action, Paul H. Aloe's Affirmation in Support of Motion to Dismiss Complaint Pursuant to F.R.C.P. 37, dated May 10, 2002, and the exhibits attached thereto, as well as the exhibits attached to the Memorandum of Points and Authorities in Support of the

City Defendants' Motion to Strike and/or Preclude in Conjunction with Rule 37.

2. Identical case management plans were submitted in the *Nieves* and *Abreu* actions. (Order, dated Sept. 7, 2001.)

ordered deadline. Instead, he provided some written responses on January 7 and 10, 2002.

On October 2 and December 3, 2001, the City Defendants sent Nieves letters again reminding him of his obligation to respond to the City Discovery Requests. Nieves failed to provide effective authorizations or responsive materials by the close of discovery on December 1, 2001. Accordingly, on December 28, 2001, the City Defendants requested permission to move to dismiss the complaint for failure to comply with discovery deadlines.

The Court ordered, instead, that Nieves respond to the City Discovery Requests by January 7, 2002, and that if Nieves failed to respond, the City Defendants had leave to file the requested motion. (*See* Order, dated January 2, 2001.) Accordingly, Nieves was on notice that his persistent failure to comply with the September Plan or provide discovery risked dismissal. By letter dated January 3, 2002, City Defendants followed up on the Court's Order identifying the outstanding discovery.

According to City Defendants, Nieves provided discovery in piecemeal fashion between January 3 and 8, 2002. City Defendants requested additional time from the Court in order to review Nieves's submission before filing a motion pursuant to Rule 37. City Defendants state that it determined the responses were insufficient and attempted to meet and confer with Young; such attempts were not successful. At the same time, the CAS Defendants determined that Nieves's discovery responses were deficient, and detailed its perceived deficiencies in a letter to Young dated January 29, 2002.

On January 23, 2001, the Court referred the discovery dispute to Magistrate Judge James C. Francis (the "Magistrate"), who held a conference in the matter on February 7, 2002. On February 6, 2002, City Defendants provided Nieves with a letter detailing its objections to Nieves' response to the City Discovery Requests (the "February 6 Letter").

At the February 7 conference, the Magistrate ordered Nieves to provide the discovery identified in the February 6 Letter by February 15, 2002. He further ordered that the parties submit letters to him "detailing any remaining deficiencies in discovery responses provided by their adversaries" by March 8, 2002, that responses to any deficiency letters be submitted by March 22, 2002, and that all fact discovery would be completed by June 28, 2002. (Order, dated February 8, 2002.) Nieves responded to the February 6 Letter by providing only plaintiff's employment records. Although City Defendants provided a deficiency letter on March 5, 2002 (the "Deficiency Letter"), Nieves filed no response. Indeed, Young has not communicated with City Defendants since February 2002. Nieves had not contacted the Court since his February 12, 2002 letter requesting adjournment of a settlement conference scheduled for February 14, 2002.

On April 8, 2002, the City Defendants applied to the Magistrate for a pre-motion conference to obtain leave to file a motion to dismiss under Rule 37. Apparently in response to the Magistrate Judge's request, the City Defendants submitted a proposed briefing schedule, which the Magistrate approved on April 12, 2002. According to the briefing schedule, defendants would file motions by May 10, 2002 and Nieves would file his opposition by May 24, 2002, to which the defendants would reply by June 7, 2002. Both CAS and City Defendants filed motions to dismiss pursuant to Rule 37; Nieves filed no opposition. By letter to the Court dated June 7, 2002, the City Defendants requested that its motion be deemed unopposed.

## II. *DISCUSSION*

Rule 37 sets forth the Court's procedures for enforcing discovery and sanctioning misconduct. "If a party fails to make a disclosure required by Rule 26(a), any party may move to compel disclosure and for appropriate sanctions" which include an award of reasonable expenses for bringing the motion. Rule 37(a)(1) & (4)(A). Similarly, if a party fails "to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories ... to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in

which the action is pending on motion may make such orders in regard to the failure as are just ...." Rule 37(d). Under either Rule 37(a) or 37(b), the moving party must provide a certification that it has, in good faith, conferred or attempted to confer with the disobedient party in an effort to obtain such answer or response without court action. Rule 37(a)(2) and (d).

If a Court grants a motion made under Rule 37(a), it has broad discretion to impose sanctions as is just, including an order (A) designating certain facts be taken as established; (B) refusing the disobedient party from introducing evidence or claims; (C) striking pleadings, staying the litigation until the obligation is satisfied, dismissing the action, or of default; (D) of contempt against the disobedient party; and (E) to produce a person for examination. *See* Rule 37(b)(2); *see also Friends of Animals Incorporated, v. United States Surgical Corp.*, 131 F.3d 332, 334 (2d Cir.1997). If the Court grants a motion made under Rule 37(d), the Court is authorized to impose sanctions (A) through (C), as is just. *See* Rule 37(d). Reasonable expenses, including attorney's fees, also may be awarded against the party and/or the attorney failing to act, unless the court finds that the failure "was substantially justified, or that other circumstances make an award of expenses unjust." Rules 37(a)(4) and 37(d).

█ Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his noncompliance. *See Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852–54 (2d Cir.

1995).[3] In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) obtaining compliance with discovery orders; (2) ensuring the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent in the particular case and litigation in general. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *International Mining Co., Inc. v. Allen & Co., Inc.*, 567 F.Supp. 777, 788 (S.D.N.Y.1983); *Baker v. Ace Advertisers' Service, Inc.*, 153 F.R.D. 38, 40 (S.D.N.Y.1992) (dismissing complaint for willful and bad faith violations of Magistrate Judge Orders). The Court may consider the full record in the case in order to select the appropriate sanction. *See Diapulse Corp. of America v. Curtis Pub. Co.*, 374 F.2d 442 (2d Cir.1967); *International Mining*, 567 F.Supp. at 789.

█ The sanctions of striking pleadings and dismissal are the most extreme sanctions available. *See National Hockey League*, 427 U.S. at 643, 96 S.Ct. 2778. Dismissal is appropriate "only where the noncompliance is due to willfulness, bad faith, fault or gross negligence rather than inability to comply or mere oversight." *Hochberg v. Howlett*, No. 92 Civ. 1822, 1994 WL 174337, *3 (S.D.N.Y. May 3, 1994) (citing *Societe Internationale Pour Participations Industrielles Et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958) and *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir.1979).) Additionally, it is incumbent on the Court to ensure that the disobedient party had notice that its conduct risked dismissal and had an opportunity to be heard. *See Spring Valley Water v. Cosco Industries*, No. 91 Civ. 0410, 1998 WL 466110, *2 (S.D.N.Y. Aug. 10, 1998) (citing Rule 37(a)(4) and *Magrino v. NYC Off–Track Betting Corp.*, Nos. 91 Civ. 5267, 91 Civ.

---

**3.** The Rule 37 factors are similar to the factors a court considers when determining whether involuntary dismissal is warranted under Federal Rule of Civil Procedure 41(b). *See Martin v. Metropolitan Museum of Art*, 158 F.R.D. 289, 292 (S.D.N.Y.1994) (factors include " 'the duration of the plaintiff's failures, whether plaintiff had received notice that further delays would result in dismissal, whether the defendant is likely to be prejudiced by further delay, ... the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ..., and the efficacy of lesser sanctions.") (citing *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir.1988)). Nieves's inexplicable refusal to provide discovery may also warrant involuntary dismissal of the action under Rule 41(b).

5626, 1994 WL 4446, *2 (S.D.N.Y. Jan.3, 1994)).

■■■ Non-compliance may be deemed willful "when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Bambu Sales,* 58 F.3d at 852–53 (citing *Societe,* 357 U.S. at 212–13, 78 S.Ct. 1087 and *Jones v. Niagara Frontier Transp. Authority,* 836 F.2d 731 (2d Cir.1987)). In addition, "a party's persistent refusal to comply with a discovery order" presents sufficient evidence of willfulness, bad faith or fault. *Monaghan v. SZS 33 Associates, L.P.,* 148 F.R.D. 500, 509 (S.D.N.Y.1993) (unexcused failure to comply with two discovery orders warranted dismissal).

■■■ Here, Nieves, more than two years since the first request, has never provided a full and adequate response to the City Discovery Requests. Thus, the progress of the litigation has been stonewalled. In addition, Nieves failed to comply with a total of five court orders in this action. The Court and the parties warned Nieves that his noncompliance risked the imposition of sanctions under Rule 37. In particular, the Court first warned Nieves that his failure to produce discovery risked the extreme sanction of dismissal in its Order dated November 29, 2001. In the absence of responsive production from Nieves, City Defendants have been unable to assess or conduct its defense case. As long as Nieves fails to comply with discovery orders, the merits of this case elude determination.

Finally, Nieves failed to respond to both the CAS and City Defendants' Deficiency Letters and did not oppose the instant motions.[4] As such, neither Young nor Nieves has provided any explanation or justification for their intransigence.

Nieves's continued refusal to permit discovery has protracted this litigation beyond its natural life. Nieves's unjustified persistence in the face of repeated and explicit warnings that refusal to comply with discovery and Court Orders can only be viewed as willful. *See Bambu Sales,* 58 F.3d at 852–53; *Monaghan,* 148 F.R.D. at 509. Thus, the full range of sanctions are available to the Court's exercise of discretion in selecting the appropriate sanction.

In the absence of any excuse or justification, imposing a lesser sanction and thereby permitting Nieves to maintain this action despite flagrant disregard for discovery orders, would not serve Rule 37's goal of precluding disobedient parties from obtaining a benefit from disobedience. Considering also that Nieves did not oppose the City or CAS Defendants' motions, Nieves's recalcitrance shows no sign of abatement. In light of Nieves's well-documented and unjustified obstruction of the discovery process for approximately two years, it would not serve Rule 37's goal of deterrence to permit Nieves to continue to maintain this action.

Thus, considering the full record before it, it is this Court's opinion that none of the lesser sanctions are likely to serve the Rule 37's three goals. As such, the Court finds that the appropriate sanction is the most extreme, that is, dismissal of the action.

The City and CAS Defendants have requested that the Court award them the reasonable expenses of bringing their motions. However, neither party submitted any documents in support of that application. As such, the Court cannot determine what the reasonable expenses might be. The Court, therefore, does not order any award of expenses against Nieves or Young.

## III. *ORDER*

For the foregoing reasons, it is hereby

ORDERED that City Defendant's Motion to Strike and/or Preclude in Conjunction with Rule 37 [Doc. No. 40] is granted; and it is further

ORDERED that defendant CAS's Motion to Dismiss Complaint Pursuant to F.R.C.P. 37 [Doc. No. 42] is granted; and it is further

---

4. Further, the Court is aware that, although Young and Abreu received similar warnings of the threat of Rule 37 sanctions, Abreu too has refused to provide discovery and violated Court Orders. The similar misconduct in the related case further persuades the Court that Nieves is unlikely to comply with discovery or court orders in the future.

ORDERED that defendants' requests for an award of costs, including attorney's fees, are denied; and it is finally

ORDERED that the Clerk of Court close this case.

**SO ORDERED.**