15-868-cv
*Smith v. Conn. Dep't of Corr., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of March, two thousand sixteen.

PRESENT:   RALPH K. WINTER,
             DENNY CHIN,
             SUSAN L. CARNEY,
                     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

SHARON SMITH,
                     *Plaintiff-Appellant,*


                     v.                                        15-868-cv

CONNECTICUT DEPARTMENT OF CORRECTION,
HARTFORD CORRECTIONAL CENTER,
                     *Defendants-Appellees.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:         Josephine S. Miller, Danbury, Connecticut.

FOR DEFENDANTS-APPELLEES:  ANN E. LYNCH, Assistant Attorney General, *for* George Jepsen, Attorney General of Connecticut, Hartford, Connecticut.

Appeal from the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Sharon Smith appeals the judgment of the district court entered January 21, 2015 dismissing her complaint against defendants-appellants, Connecticut Department of Correction and Hartford Correctional Center, alleging employment discrimination under Title VII of the Civil Rights Act of 1964.  On January 7, 2015, the district court granted defendants' supplemental motion to dismiss the case pursuant to Federal Rules of Civil Procedure 37 and 41, based on plaintiff's failure to adhere to court deadlines, produce discovery, and comply with court orders.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Federal Rule of Civil Procedure 37 allows a district court to dismiss an action if a party fails to obey a discovery order or otherwise meet its discovery obligations.  Fed. R. Civ. P. 37(b)(2) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include . . . dismissing the action or proceeding in whole or in part . . . .").

"We review a district court's imposition of sanctions under Rule 37, including dismissal, for abuse of discretion." *Agiwal v. Mid Island Mort. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009).

"[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault" on the part of the party. *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (internal quotation marks omitted). Still, it "may be imposed . . . so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). We evaluate a district court's dismissal by examining the following non-exclusive factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal*, 555 F.3d at 302 (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002); *see also S. New Eng. Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010).

Plaintiff missed at least four discovery deadlines. First, after plaintiff did not respond to initial requests for discovery, the court granted defendants' motion to compel responses and ordered plaintiff to respond by October 29, 2014. Plaintiff did not heed that order. Second, plaintiff failed to provide complete discovery by the court's original November 3, 2014 deadline. Third, after the court thereafter extended

3

the deadline for completion of all discovery to November 19, 2014, plaintiff provided only incomplete and unverified responses to defendants' requests. Finally, after the court again extended the deadline for completion of all discovery until December 29, 2014, plaintiff failed to meet the new date. Indeed, plaintiff never fully complied with her discovery obligations under Rule 26. Apart from appearing for her deposition, discovery had not materially progressed, and the district court reasonably believed that plaintiff had neither collected nor produced relevant documents.

Moreover, the excuses that plaintiff asserted -- an unsubstantiated medical condition and personal international travel -- were reasonably rejected by the district court. The material offered by plaintiff's counsel in support of the medical condition "appear[ed] to be self-generated and specifically note[d] that the condition [was] minor and age related." Joint App. at 22.

Finally, plaintiff was explicitly warned that failure to abide by court orders would result in dismissal. At the December 17, 2014 conference -- following plaintiff's third failure to comply with the court's discovery orders -- the court specifically warned plaintiff's counsel that the case would be dismissed if discovery was not produced by December 29, 2014. Thus, plaintiff "cannot credibly argue that [s]he was not sufficiently warned that serious sanctions were imminent." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013).

4

While dismissal of an action is the most severe sanction for noncompliance with discovery orders, *see Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642-43 (1976), it is warranted where plaintiff's unexcused noncompliance while on notice of dismissal demonstrates "willfulness or conscious disregard for the discovery process," *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (*per curiam*) (quoting *Founding Church of Scientology v. Webster*, 802 F.2d 1448, 1458 (D.C. Cir. 1986)) (affirming dismissal pursuant to Rule 37(b)(2)(C) in part because district court repeatedly allowed plaintiff additional time to comply with discovery orders and warned plaintiff about threat of dismissal).  Because plaintiff failed to fulfill her obligation to comply with the court's orders, the district court acted within its discretion in dismissing her action.

We have considered all of plaintiff's additional arguments and find them to be without merit.  For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5