15-3423-cv
Lee v. Katz

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand sixteen.

PRESENT: DENNY CHIN,
SUSAN L. CARNEY,
*Circuit Judges*,
BRIAN M. COGAN,
*District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

LINDA A. LEE,

*Plaintiff-Appellant*,

v.                                                           15-3423-cv

JOETTE KATZ, in her official capacity as
Commissioner of the Connecticut Department of
Children and Families, CONNECTICUT
DEPARTMENT OF CHILDREN AND FAMILIES,

---

* Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

*Defendants-Appellees.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT: LINDA A. LEE, *pro se*, Milford, Connecticut.

FOR DEFENDANTS-APPELLEES: JENNIFER P. BENNETT, Assistant Attorney General (George Jepsen, Attorney General, Ann E. Lynch, Assistant Attorney General, *on the brief*), Office of the Attorney General, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Linda A. Lee, *pro se*, appeals from the district court's judgment entered September 30, 2015 in favor of defendants-appellees Joette Katz, Commissioner of the Connecticut Department of Children and Families, and the Connecticut Department of Children and Families. On September 30, 2015, the district court granted defendants' motion to dismiss with prejudice Lee's claims under the Rehabilitation Act, 42 U.S.C. § 791 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12010 *et seq.*, pursuant to Federal Rules of Civil Procedure 37(b) and 41(b), for her failure to comply with discovery obligations.

We review a district court's imposition of sanctions, including dismissal, under Rules 37 and 41 for abuse of discretion. *Agiwal v. Mid Island Mortg. Corp.*, 555

---

[*] The Clerk of Court is directed to amend the official caption to conform with the above.

F.3d 298, 302 (2d Cir. 2009) (Rule 37); *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (Rule 41). In evaluating a district court's dismissal, we examine, among other things, the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal,* 555 F.3d at 302 (quoting *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)); *see also Lewis*, 564 F.3d at 576.

We have reviewed the district court's thorough and well-reasoned decision and conclude that the district court did not abuse its discretion in dismissing the action with prejudice. The district court carefully reviewed the facts and procedural history and weighed the relevant factors. The district court noted that Lee had been reminded of her discovery obligations and warned of the consequences of non-compliance on numerous occasions. The district court concluded that Lee's noncompliance was willful, as she responded directly to discovery obligations by explaining why she was not complying and the reasons she gave were "unsupported." The district court found that Lee's "high degree of intractability and willfulness" showed that she was "unpersuadable" and that dismissal was therefore "appropriate." The district court also considered the duration of the noncompliance (from January 2014 through September 2015) and the numerous extensions Lee had been granted.

3

In light of Lee's repeated and willful non-compliance with her discovery obligations and the court's scheduling orders, we conclude that the district court acted within its discretion in dismissing Lee's case.

We have considered all of Lee's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4